E-filing

1    **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2    Name MICHEL          AleJaNDRO        F
             (Last)              (First)              (Initial)

3    Prisoner Number   T-86169

4    Institutional Address CSP-SaCRaMeNTO/B2-227

5    PO BOX 29-0066 RePResa, CA 95671

6    ===================================================================
     **UNITED STATES DISTRICT COURT**
7    **NORTHERN DISTRICT OF CALIFORNIA**

8    AleJaNDRO F MiCHEl
     (Enter the full name of plaintiff in this action.)

9                                                          08         1724
                       vs.                     Case No. _____ JSW
10                                             (To be provided by the clerk of court)
     J. WalKeR waRdeN
11                                             **PETITION FOR A WRIT**
                                               **OF HABEAS CORPUS**   **(PR)**
12   _____

13   _____

14   (Enter the full name of respondent(s) or jailor in this action)

15   _____

16   ===================================================================
     Read Comments Carefully Before Filling In

17   When and Where to File

18         You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23         If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located. If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined. Habeas L.R. 2254-3(b).

     PET. FOR WRIT OF HAB. CORPUS        - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

<u>MaRiN CouNty SupeRior Court</u>        <u>San RaFael</u>

Court                                              Location

(b) Case number, if known _____<u>123016</u>_____

(c) Date and terms of sentence <u>March 20, 2003</u> / <u>12 yRS 4 MouTh</u>

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)        Yes <u>✓</u>      No _____

Where?

Name of Institution: <u>CSP-SacRaMeNto (New FolSoM)</u>

Address: <u>P.O. Box 290066  RePReSa  CA  95671</u>

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

<u>Six Counts of 2nd DegRee Robbery P.C § 211</u>

<u>Two Counts of Attempted Robbery P.C § 664</u>

<u>oNe Count of Gun euhancemeNt P.C § 12022</u>

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1    3. Did you have any of the following?

2         Arraignment:              Yes ✓     No _____

3         Preliminary Hearing:       Yes ✓     No _____

4         Motion to Suppress:        Yes _____     No ✓

5    4. How did you plead?

6         Guilty ✓     Not Guilty _____    Nolo Contendere _____

7         Any other plea (specify) _Change of Plea FORM_ _____ _____ _____

8    5. If you went to trial, what kind of trial did you have?

9         Jury _____     Judge alone _____   Judge alone on a transcript _____

10    6. Did you testify at your trial?         Yes _____     No _____

11    7. Did you have an attorney at the following proceedings:

12        (a)    Arraignment          Yes ✓     No _____

13        (b)    Preliminary hearing      Yes ✓     No _____

14        (c)    Time of plea          Yes ✓     No _____

15        (d)    Trial               Yes _____     No ✓

16        (e)    Sentencing           Yes ✓     No _____

17        (f)    Appeal             Yes ✓     No _____

18        (g)    Other post-conviction proceeding    Yes _____     No ✓

19    8. Did you appeal your conviction?        Yes _____     No ✓

20        (a)    If you did, to what court(s) did you appeal?

21            Court of Appeal          Yes _____    No _____

22            Year: _____      Result: _____

23            Supreme Court of California    Yes _____    No _____

24            Year: _____      Result: _____

25            Any other court          Yes _____    No _____

26            Year: _____      Result: _____

27

28        (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS     - 3 -

1        petition?                                    Yes _____    No _____

2    (c)    Was there an opinion?                     Yes _____    No _____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                     Yes _____    No _____

5           If you did, give the name of the court and the result:

6           _____

7           _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?          Yes _X_    No _____

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16   (a)    If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding. Attach extra paper if you need more space.

18          I.    Name of Court: MARIN COUNTY SUPERIOR COURT _____

19                Type of Proceeding: Habeas CORPUS Petition _____

20                Grounds raised (Be brief but specific):

21                a. APPRENDI - Blakely - CUNNiNGHAM violations _____

22                b. CaliFORNIAS Determinate Sentencing Law (DSL) violation

23                c._____

24                d._____

25                Result: Denied (order attached hereto as exh A) Date of Result: APRiL 25, 2007

26          II.   Name of Court: California Court of Appeal; FiRST APPeLLANT DisTRiCT, Div. 5.

27                Type of Proceeding: Habeas CORPUS petition _____

28                Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1                a. (Same AS HereiN) and same as superior court _____

2                b. _____

3                c. _____

4                d. _____

5                Result: Denied (see ATTACHed EXH'B'hereto)Date of Result: July 13, 2007

6        III.    Name of Court: SUPREME COURT OF CALiFORNIA _____

7                Type of Proceeding: Habeas corpus petition _____

8                Grounds raised (Be brief but specific):

9                a. (Same as hereiN) and same as superior and appelant court above.

10              b. _____

11              c. _____

12              d. _____

13              Result: Denied (see attached EXH'C' hereto) Date of Result: Jan 30, 2008

14        IV.    Name of Court: _____

15              Type of Proceeding: _____

16              Grounds raised (Be brief but specific):

17              a. _____

18              b. _____

19              c. _____

20              d. _____

21              Result: _____Date of Result: _____

22     (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                 Yes _____   No ✓

24             Name and location of court: _____

25  **B. GROUNDS FOR RELIEF**

26       State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS    - 5 -

1  need more space.  Answer the same questions for each claim.

2  　　　[Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); <u>McCleskey v. Zant</u>,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  　　　Claim One: *Due To scope of issues Please see Attached Memorandum*

6  　　　*of Points and authorities in support of petition For writ of Habecus corpus*

7  　　　Supporting Facts: *(Same as above)*

8  

9  

10 

11 　　　Claim Two: *Due To scope of issues Please see attached Memorandum of*

12 　　　*Points and authorities in support of petition For writ of habeas corpus*

13 　　　Supporting Facts: *(same as above)*

14 

15 

16 

17 　　　Claim Three:

18 

19 　　　Supporting Facts:

20 

21 

22 

23 　　　If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 

26 

27 

28 

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4  APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000)/BLAKELY V. WASHINGTON

5  542 U.S. 296 (2004)/CUNNINGHAM V. CALIFORNIA (2007) 549 U.S.[127 S.CT.

6  856]/PEOPLE V. BANKS, (APR. 13. 2007) 6036873 — CAL. APP. 4TH — (2007 WL1111849)

7  Do you have an attorney for this petition?                    Yes_____        No √

8  If you do, give the name and address of your attorney:

9  _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on __MARCH 25, 2008__                _____

14                    Date                                          Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

1  <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2  <u>IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS</u>

3

4  I.

5  THE TRIAL COURTS IMPOSITION OF THE UPPER TERM OF

6  IMPRISONMENT ON ALL SIX COUNTS OF 2ND
   DEGREE ROBBERY AND IN BOTH COUNTS OF

7  ATTEMPTED ROBBERY, BASED ON FACTS NOT FOUND
   BY THE JURY BEYOND A REASONABLE DOUBT, NOR

8  ADMITTED BY PETITIONER TO BE TRUE, VIOLATED
   PETITIONERS RIGHTS UNDER THE SIXTH AND

9  FOURTEENTH AMENDMENTS TO THE UNITED STATES
   CONSTITUTION UNDER <u>APPRENDI V. NEW JERSEY</u>,

10 530 U.S. 466 (2000); <u>BLAKELY V. WASHINGTON</u>,
   542 U.S. 296 (2004); <u>CUNNINGHAM V. CALIFORNIA</u>,

11 AND <u>PEOPLE V. BANKS</u>, (APP. 13·2007) 6036873)

12 CAL. APP. 4 TH. _____ (2007 WL 1111849).

13

14 <u>STATEMENT OF FACTS</u>

15 ON JANUARY 6, 2003 AN INFORMATION

16 WAS FILED IN THE MARIN COUNTY SUPERIOR COURT CHARGING PETITIONER

17 WITH SIX COUNTS OF 2ND DEGREE ROBBERY IN VIOLATION OF CALIFORNIA

18 PENAL CODE SECTION [1] 211 (COUNTS 4-9) AND TWO COUNTS OF

19 ATTEMPTED ROBBERY IN VIOLATION OF P.C. §§ 211 & 664 (CLERKS

20 TRANSCRIPTS [2] AT PAGES 144-147).

21 THE INFORMATION FURTHER ALLEGED

22 THAT PETITIONER WAS ARMED WITH A FIREARM IN COUNT 6, IN

23 VIOLATION OF P.C. § 12022 (a)(1) (CT. 145).

24 ON JANUARY 6, 2003 PETITIONER

25

26 HEADNOTE :   1.   HEREIN AFTER : P.C. §.

27             2.   HEREIN AFTER : CT.



7.

1  PLEAD GUILTY TO ALL SIX COUNTS OF 2ND-DEGREE ROBBERY AND BOTH

2  COUNTS OF ATTEMPTED ROBBERY (CT. 134). PETITIONER ALSO ADMITTED

3  THE SPECIAL ALLEGATION TO BE TRUE (CT. 134).

4              ON MARCH 19, 2003 THE COURT SENTENCED

5  PETITIONER TO THE UPPER TERM OF 5-YEARS ON COUNT SIX AND

6  CONSECUTIVE ONE-YEAR TERMS ON EACH OF THE REMAINING FIVE

7  2ND. DEGREE ROBBERY COUNTS, INCLUDING SIX-MONTHS ON EACH OF

8  THE ATTEMPTED ROBBY COUNTS/CHARGES (COUNTS 10 & 11)[3].

9              FINALLY, THE COURT IMPOSED A 1-YEAR

10  TERM FOR THE ARMING ENHANCEMENT, FOR A TOTAL OF 12-YEARS[3].

11  ON THE FOLLOWING DAY, MARCH 20, 2003, THE COURT CORRECTED THE

12  SENTENCE ON COUNTS 10 & 11 TO 8-MONTHS IN EACH COUNT, FOR A

13  NEW TOTAL SENTENCE OF 12-YEARS, 4-MONTHS[4].

14

15

16              ARGUMENT

17              PETITIONER ACKNOWLEDGED, IN GUILTY PLEA,

18  THAT HE WAS SUBJECT TO A MAXIMUM PRISON TERM OF 12-YEARS, 4-

19  MONTHS[5]. HOWEVER, THE COURT SHOULD NOT HAVE IMPOSED THE MAXIMUM

20  SENTENCE. BASED ON THE COUNTS OF CONVICTIONS, THE COURT SHOULD

21  HAVE SENTENCED PETITIONER TO A LESSER TERM. INSTEAD THE

22  JUDGE FOUND THAT THE "FACTS" WARRANTED IMPOSITION OF AGGRAVATED

23  TERMS". AND THUS IMPOSED THE UPPER TERM[6].

24              THE "FACTS" FOUND BY THE JUDGE WERE NEITHER

25  _____

26              3.  CT. 160-161;
               4.  CT. 163;
27              5.  CT. 134;
               6.  CT. 160-163.

8.

1  ADMITTED BY PETITIONER NOR FOUND BY THE JURY. HENCE, SINCE

2  THE ESSENTIAL FACTS INCREASE THE SENTENCE BY TWO-YEARS, FOUR-

3  MONTHS, THE PENALTY IMPOSED VIOLATES PETITIONER'S CONSTITUTION-

4  -AL FEDERAL RIGHTS.

5            UNDER THE REQUIREMENTS OF THE SIXTH AND FOUR-

6  -TEEN TH AMENDMENTS AS OUTLINED IN BLAKELY V. WASHINGTON,

7  542 U.S. 296 (2004), AND AS RECENTLY REITERATED BY THE U.S.

8  SUPREME COURT IN CUNNINGHAM V. CALIFORNIA (2007) 549 U.S. ____

9  [127 S.CT. 856]. THE JUDGE COULD IMPOSE NO MORE THAN 10-YEARS,

10  4-MONTHS (I.E., MIDTERM SENTENCE).

11            THE JUDGE IN THIS CASE STATED AT SENTENCING

12  THAT SHE WAS RELYING ON THE AGGRAVATING FACTORS WHICH WERE

13  CONTAINED IN THE PROBATION REPORT (CT. 161-163).

14            THESE FACTORS CONSIST OF ISSUES SUCH AS:

15                    (1.)  PETITIONER'S PRIOR ADJUDICAT-

16  -IONS OF COMMISSION OF CRIMES AS A JUVENILE;
                    (2.)  PETITIONER'S PRIOR PERFORM-

17  -ANCE ON PROBATION WAS UNSATISFACTORY;
                    (3.)  A VICTIM WAS HURT DURING

18

19  ONE ROBBERY / PETITIONER ENGAGED IN A PATTERN OF VIOLENT
    CONDUCT WHICH INDICATES A SERIOUS DANGER TO SOCIETY; AND

20                    (4.)  PETITIONER'S CRIMES ARE OF

21  INCREASING SERIOUSNESS AND HE IS A MEMBER OF A CRIMINAL
    STREET GANG.

22            PETITIONER SUBMITS THAT APPRENDI-BLAKELY-

23  CUNNINGHAM (SUPRA) RENDERS UNCONSTITUTIONAL PORTIONS OF

24  CALIFORNIA'S DETERMINATE SENTENCING SCHEME, INCLUDING THE

25  PROVISIONS OF (CAL-) P.C. S° 1170(b) WHICH AUTHORIZES JUDGES, NOT

26  JURIES TO MAKE FACTUAL FINDINGS SUPPORTING AGGRAVATING FACTORS

27  USED TO IMPOSE THE UPPER TERM. THE SENTENCING JUDGE IN THIS

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1    CASE IMPOSED THE UPPER TERM BASED UPON FACTUAL FINDINGS WHICH WERE

2    NEITHER ADMITTED BY PETITIONER NOR FOUND TRUE BY A JURY. THE SENTENCING

3    JUDGE ALSO WAS NOT REQUIRED UNDER THE CALIFORNIA RULES OF COURT,

4    RULE 4.420 (6) TO APPLY THE PROOF BEYOND A REASONABLE DOUBT

5    STANDARD TO IT'S FACTUAL FINDINGS, AS REQUIRED IN BLAKELY

6    ( AND FURTHER EXPLAINED IN CUNNINGHAM ), BUT RATHER ONLY A

7    PREPONDERANCE STANDARD ; AND BECAUSE NONE OF THE SENTENCING

8    FACTORS IN AGGRAVATION LISTED IN THE PROBATION REPORT OR USED

9    BY THE TRIAL JUDGE IN IMPOSING THE SENTENCE WERE TRIED TO

10   THE JURY OR PROVED BEYOND A REASONABLE DOUBT, THIS COURT

11   SHOULD ORDER THAT THE COURT MAY NOT IMPOSE AN UPPER TERM ON

12   EITHER COUNTS OR THE ENHANCEMENT ALLEGATIONS .

13           IN BLAKELY THE UNITED STATES SUPREME COURT HELD

14   THAT THE TRIAL COURT'S USE OF AGGRAVATING FACTORS VIOLATE THE

15   RULE SET FORTH IN APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000),

16   WHERE IT WAS HELD THAT (THE) DUE PROCESS (CLAUSE) REQUIRES THAT

17   ANY FACT WHICH EXPOSES A DEFENDANT TO GREATER PUNISH-

18   -MENT THAN THE MAXIMUM OTHERWISE ALLOWABLE ( "STATUTORY

19   MAXIMUM") FOR THE UNDERLYING OFFENSE HAD TO BE "SUBMITTED

20   TO A JURY AND PROVED BEYOND A REASONABLE DOUBT "( Id.

21   AT P. 490 ).

22           THE "STATUTORY MAXIMUM" FOR APPRENDI

23   PURPOSES IS THE MAXIMUM SENTENCE A JUDGE MAY IMPOSE SOLELY

24   ON THE BASIS OF THE FACTS REFLECTED IN THE JURY VERDICT OR

25   ADMITTED BY THE DEFENDANT .

26           "IN ALL MATERIAL RESPECTS, CALIFORNIA'S DETERMINATE
         SENTENCING LAW (D.S.L.) RESEMBLES THE SENTEN-
27       -CING SYSTEMS INVALIDATED IN BLAKELY AND BOOKER.
         FOLLOWING THE REASONING IN THOSE CASES, THE

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1    MIDDLE TERM PRESCRIBED UNDER CALIFORNIA LAW,
2    NOT THE UPPER TERM, IS THE RELEVANT
     STATUTORY MAXIMUM. BECAUSE THE AGGRAVAT-
3    -ING FACTS THAT AUTHORIZE THE UPPER TERM
     ARE FOUND BY THE JUDGE, AND NEED ONLY BE
4    ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE,
     (CALIFORNIA'S) D.S.L. VIOLATES THE RULE OF APPRENDI."
5    ( CUNNINGHAM V. CALIFORNIA (2007) 549 U.S.___, 127 S.CT. 856, AT 858 )

6                WHEREFORE, UNDER APPRENDI - BLAKELY -
7    CUNNINGHAM, THE ONLY FACTORS THE JUDGE IS PERMITTED TO USE TO
8    INCREASE A SENTENCE ARE THOSE PRESENTED TO THE JURY FOR ITS
9    CONSIDERATION AND FOUND TRUE BY IT BEYOND A REASONABLE DOUBT.
10   IF THE JURY DOES NOT FIND UNANIMOUSLY AND BEYOND A REASONABLE
11   DOUBT THAT THE AGGRAVATING FACTORS ARE TRUE, THE JUDGE MAY NOT
12   USE THEM TO INCREASE A SENTENCE ( SEE, ALSO PEOPLE V. BANKS,
13   (APR. 13, 2007, 6036873)___ CAL. APP. 4TH_____ (2007 WL 1111849)).
14                IN THE INSTANT CASE, THE TRIAL COURT
15   WAS NOT REQUIRED TO IMPOSE A 12-YEAR, 4-MONTH SENTENCE.
16   HENCE, THE TRIAL COURT VIOLATED PETITIONER'S SIXTH AMENDMENT
17   RIGHT WHEN IT IMPOSED AN AGGRAVATED SENTENCE BASED
18   ON FACTS NOT FOUND BY A JURY TO BE TRUE BEYOND A
19   REASONABLE DOUBT OR STIPULATED BY PETITIONER.

20

21                PETITIONER WAS PREJUDICED BY THE ERROR.
22   USE OF FACTS NOT FOUND BY THE JURY BEYOND A REASONABLE
23   DOUBT NOR ADMITTED BY PETITIONER TO INCREASE A
24   DEFENDANTS' SENTENCE BEYOND THE STATUTORY MAXIMUM
25   REQUIRES REVERSAL OF THAT SENTENCE UNLESS THE STATE
26   CAN ESTABLISH THAT THE ERROR WAS HARMLESS BEYOND A
27   REASONABLE DOUBT ( NEDER V. UNITED STATES (1999) 527

URT PAPER
TE OF CALIFORNIA
). 113 (REV. 3-95)
' 98 10924

11.

1  U.S. 1 ; *PEOPLE V. SENGPADYCHITH* (2001) 26 CAL. 4TH. 316, AT 326)

2           THE ERROR IN THIS CASE WAS THEREFORE,

3  AN ACTION TAKEN IN EXCESS OF THE TRIAL COURT'S AUTHORITY

4  WHICH MAY BE CHALLENGED IN HABEAS CORPUS EVEN IF THERE

5  HAS BEEN DELAY OR A PRIOR AFFIRMANCE ON DIRECT APPEAL.

6           "THE GENERAL RULE THAT AN UNEXPLAINED DELAY IN

7           SEEKING RELIEF MAY BAR HABEAS CORPUS RELIEF
           DOES NOT APPLY TO BAR THE CORRECTION OF AN

8           UNAUTHORIZED SENTENCE"; AND "AN UNAUTH-
           ORIZED SENTENCE MAY BE CORRECTED AT ANY

9           TIME. THE STATE OF CALIFORNIA SHOULD HAVE NO
           INTEREST IN PERPETUATING A SENTENCE

10          WHICH IS NOT AUTHORIZED BY LAW."

11  (*IN RE BIRDWELL* (1996) 50 CAL. 4TH. 926, AT 927, & 931).

12           IN *PEOPLE V. TENORIO* (1970) 3 C.3d. 89, AT 95 fn.2,

13  THE COURT HELD THAT "AN UNCONSTITUTIONAL SENTENCE IS FULLY

14  RETROACTIVE RELATING ONLY TO SENTENCING AND WOULD NOT REQUIRE

15  ANY RETRIALS". (*SEE, ALSO, PEOPLE V. BELMONTES* (1983) 34 CAL.

16  3d. 335. AT 348 fn.8 (SAME); AND *PEOPLE V. SUPERIOR COURT*

17  (*ROMERO*) (1996) 13 CAL. 4TH. 497. AT 530 fn.13 (HOLDING THAT AN

18  UNCONSTITUTIONAL SENTENCE MAY BE RAISED ON APPEAL, OR, IF

19  RELIEF ON APPEAL IS NO LONGER AVAILABLE, THE DEFENDANT

20  MAY FILE A PETITION FOR HABEAS CORPUS TO SECURE RECONSID-

21  -ERATION OF THE SENTENCE.").

22           "AS WE RECENTLY REAFFIRMED, THE RULE REQUIRING

23           A HABEAS CORPUS PETITIONER TO JUSTIFY ANY
           SUBSTANTIAL DELAY IN RAISING A CLAIM; SUCH

24           AS PETITIONERS, OF "SENTENCING ERROR
           AMOUNTING TO AN EXESS OF JURISDICTION. AN

25           APPELLATE COURT MAY 'CORRECT A SENTENCE THAT
           IS NOT AUTHORIZED BY LAW' WHENEVER THE

26           ERROR COMES TO THE ATTENTION OF THE COURT
           (*IN RE HARRIS* (1993) 5-CAL. 4TH. 813, 842 CITING

27           *IN RE RICKY H.* (1981) 30 CAL. 3d. 176, 191)."

(*IN RE HODDINOTT* (1996) 12 CAL. 4TH. 992. AT 995 fn.2.)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

P 98 10924

II.

THE TRIAL COURT'S DENIAL OF PETITIONER'S WRIT
OF HABEAS CORPUS HEREFORTH WAS IN ERROR,
AND APPROPRIATE REMEDY FOR TRIAL COURT'S
APPRENDI — BLAKELY — CUNNINGHAM SENTENCING
ERROR IS TO REMAND PETITIONER'S CASE FOR
RESENTENCING ; APPRENDI V. NEW JERSEY
(2000) 530 U.S. 466 ; BLAKELY V. WASHINGTON
(2004) 542 U.S. 296 ; U.S. V. OLANO (1993) 507
U.S. 725; AND PEOPLE V. BANKS (APR. 18, 2007,
G036873)___ CAL. APP. 4TH.___ (2007 WL1111849).

STATEMENT OF FACTS

ON APRIL 25, 2007 THE SUPERIOR COURT OF CALIFORNIA, COUNTY
OF MARIN , IN CASE NO. SC152826A , DENIED PETITIONER'S PETITION FOR
WRIT OF HABEAS CORPUS (HEREFORTH) BASED ON AN ERRONEOUS CONCLUSION
THAT   BECAUSE "PETITIONER EXECUTED A CHANGE OF PLEA FORM WHICH
AMONG OTHER THINGS CONTAINED A WAIVER OF THE RIGHT TO A JURY
TRIAL AS WELL AS AN AGREEMENT BY PETITIONER THAT HIS MAXIMUM
SENTENCE EXPOSURE WAS IN FACT 12-YEARS AND 4-MONTHS . THE
SENTENCE OF 12-YEARS WAS THEREFORE WITHIN THE PARAMETERS OF
THE MAXIMUM SENTENCE TO WHICH PETITIONER AGREED " (PLEASE
SEE COURT DENIAL ATTACHED HERETO AS EXHIBIT 'A') .

CONCLUSION OF LAW

IN BOTH APPRENDI AND BLAKELY , BOTH DEFENDANTS
PLEAD GUILTY TO PLEA BARGAIN AGREEMENTS , HOWEVER , BECAUSE
THE FACTS SUPPORTING THEIR AGGRAVATED (UPPER TERM) SENTENCES
WERE NEITHER ADMITTED BY THEM NOR FOUND BY A JURY BEYOND
A REASONABLE DOUBT TO BE TRUE , THE SENTENCES VIOLATED THEIR
SIXTH AMENDMENT RIGHT TO TRIAL BY JURY .
FURTHERMORE , THE TRIAL COURT ALSO ALLEGES IN ITS

URT PAPER
TE OF CALIFORNIA
). 113 (REV. 3-95)
' 98 10924

1  APRIL 25, 2007 DENIAL (ATTACHED HERETO AS EXHIBIT 'A') THAT

2  HE FORFEITED (WAIVED) HIS RIGHT UNDER *APPRENDI* - *BLAKELY* -

3  *CUNNINGHAM* IS ALSO IN ERROR.

4         PETITIONER'S SENTENCE HEARING TOOK PLACE ON MARCH

5  19, 2003, APPROXIMATELY 15-MONTHS PRIOR TO THE U.S. SUPREME

6  COURT'S DECISION IN *BLAKELY*. WHEREFORE, THE TRIAL COURT'S

7  IMPLICATION THAT PETITIONER KNOWINGLY WAIVED OR FORFEITED HIS

8  *BLAKELY* CHALLENGE / ERROR, IS IMPOSSIBLE CONSIDERING THAT

9  *BLAKELY* (AND *CUNNINGHAM*) WERE DECIDED AFTER PETITIONER

10  WAS SENTENCED.

11         "WE FIND THERE IS NO WAIVER OR FORFEITURE
            OF *BLAKELY* ERROR IN THIS CASE BECAUSE
12          A CRIMINAL DEFENDANT CAN NOT HAVE
            FORFEITED OR WAIVED A LEGAL ARGUMENT
13          THAT WAS NOT RECOGNIZED AT THE TIME OF HIS
            TRIAL."
14
       (*PEOPLE V. ESQUIBEL* (2006) 143 CAL. APP. 4TH. 645, AT 660 )
15

16         SEE, ALSO, *U.S. V. OLANO*, 507 U.S. 725, AT 733

17  ("WAIVER IS THE INTENTIONAL RELINQUISHMENT OR ABANDONMENT OF A

18  KNOWN RIGHT.").

19         IT WAS NOT UNTIL *BLAKELY* THAT THE

20  U.S. SUPREME COURT PROVIDED A CONSTITUTIONAL EXPLINATION OF

21  WHAT IT HAD MEANT IN *APPRENDI* BY THE PHRASE "STATUTORY

22  MAXIMUM SENTENCE". THUS SO, *BLAKELY* MADE IT PERFECTLY

23  CLEAR THAT, WHEN THE U.S. SUPREME COURT REFERRED TO THE

24  "STATUTORY MAXIMUM SENTENCE" IN *APPRENDI*, IT DID

25  NOT MEAN THE MAXIMUM THE LEGISLATURE HAD AUTHORIZED, BUT

26  RATHER THE MAXIMUM SENTENCE THAT CAN BE IMPOSED, BASED

27  SOLELY ON THE JURY'S FINDINGS OR ADMITTED BY THE DEFENDANT

JRT PAPER
'E OF CALIFORNIA
. 113 (REV. 3-95)

98 10924

1     (*BLAKELY*, SUPRA, 542 U.S. AT 296).

2                  APPLYING THIS DEFINITION, A HIGH-END

3 SENTENCE, SUCH AS PETITIONERS, BASED ON FACTS FOUND BY THE

4 JUDGE ALONE DOES EXCEED THE "STATUTORY MAXIMUM",

5 BECAUSE THE MID-TERM SENTENCE IS THE MOST THAT CAN BE

6 IMPOSED WITHOUT SPECIAL FINDINGS.

7

8                           <u>CONCLUSION</u>

9              FOR THE FOREGOING REASONS HEREIN, THIS

10 COURT SHOULD REMAND THIS CASE TO THE TRIAL COURT FOR RESENTENCING

11 OF PETITIONERS SENTENCE TO THE MIDDLE TERMS PURSUANT

12 TO THE MANDATES OF THE UNITED STATES SUPREME COURT DECISIONS

13 DECISIONS OF <u>APPRENDI-BLAKELY</u>-CUNNINGHAM AND CONSISTENT

14 WITH THIS COURTS RULING IN <u>PEOPLE V. BANKS</u> (APR. 13, 2007;

15 A036873)____ CAL. APP. 4TH.____ (2007 WL 1111849).

16

17 DATED <u>MaRCH 25, 2008</u>              RESPECTFULLY SUBMITTED BY:

18                               _Alex Michell_

19                               ALEJANDRO F. MICHEL

20                               —PRO-PER PETITIONER.

21

22

23

24

25

26

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

# Exhibit

FILED

APR 2 5 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
BY: M. Murfin, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

In re ALEJANDRO FRANCISCO MICHEL )
                                  )    Case No. SC 152826A
        Petitioner,               )
                                  )    **ORDER DENYING PETITION FOR**
                                  )    **WRIT OF HABEAS CORPUS**
_____)

Petitioner filed his Petition for Writ of Habeas Corpus on April 4, 2007. Following a plea

of guilty to five counts of violating Penal Code §211 and two counts of attempted §211,

Petitioner was sentenced on March 19, 2003 in the Superior Court in Marin County to the

aggravated term of twelve years in the state prison.

Petitioner now complains pursuant to what is known as a *Blakely/Apprendi/Cunningham*

argument that he was improperly sentenced to the aggravated term because factors in

aggravation were not found to be true by a jury.

Petitioner appealed his sentence and the sentence was affirmed by the Court of Appeal on

April 28, 2004. In reviewing the record, it appears that Petitioner executed a change of plea form

which among other things contained a waiver of the right to a jury trial as well as an agreement

by Petitioner that his maximum exposure was in fact twelve years and four months. The

sentence of twelve years was therefore within the parameters of the maximum sentence to which

Petitioner agreed.

The Petition for Writ of Habeas Corpus is therefore denied.

Dated: April 25, 2007

                                        JUDGE OF THE SUPERIOR COURT

STATE OF CALIFORNIA )
COUNTY OF MARIN      )

IN RE: **ALEJANDRO FRANCISCO MICHEL**

ACTION NO.: **SC152826A**

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE
AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-
ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF
JUSTICE, SAN RAFAEL, CA 94903. ON **April 25, 2007** I SERVED THE WITHIN
***ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS*** IN SAID
ACTION TO ALL INTERESTED PARTIES, BY PLACING A TRUE COPY
THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON
FULLY PREPAID, IN THE UNITED STATES POST OFFICE MAIL BOX AT SAN
RAFAEL, CA ADDRESSED AS FOLLOWS:

| | |
|---|---|
| *ALEJANDRO FRANCISCO MICHEL*<br>*CDC# T-86169*<br>*CALIFORNIA CORRECTIONAL*<br>*INSTITUTION*<br>*PO BOX 1906/48-8C-204*<br>*TEHACHAPI, CA 93581* | *WARDEN*<br>*CALIFORNIA CORRECTIONAL*<br>*INSTITUTION*<br>*PO BOX 1906*<br>*TEHACHAPI, CA 93581* |
| *ATTORNEY GENERAL*<br>*ATTN: ANYA BINSACCA*<br>*CORRECTIONAL LAW SECTION*<br>*455 GOLDEN GATE AVENUE*<br>*12TH FLOOR*<br>*SAN FRANCISCO, CA 94102* | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE:    4/25/07    MMurphy

# Exhibit

# B



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION FIVE

In re ALEJANDRO FRANCISCO MICHEL on Habeas
Corpus.

**FILED**

JUL 13 2007

COURT OF APPEAL - 1st App Dist
**DIANA HERBERT**
By_____
DEPUTY

A118214

Marin County No. 123016

BY THE COURT:*

    The petition for writ of habeas corpus is denied.

JUL 13 2007
Date_____

    JONES, P.J.   P.J.

* Before Jones, P.J., Simons, J. and Needham, J.

EXhibit "C"

**S155473**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re ALEJANDRO F. MICHEL on Habeas Corpus

The petition for writ of habeas corpus is denied.

George, C. J., was absent and did not participate.

SUPREME COURT
**FILED**

JAN **3 0** 2008

Frederick K. Ohlrich Clerk

_____

Deputy

**BAXTER**
Acting Chief Justice

CERTIFICATE OF SERVICE

Case Name:  AleJandRo F Michel    v.   J. Walker, Warden

Case No.:   S155473

IMPORTANT:  2 copies of this brief and any attachments must be
sent to ALL parties in this case.  Please list below the names and
addresses of the parties who were sent a copy of your brief and
the dates on which they were served.  Be sure to sign the
statement below.

    I certify that a copy of this brief and any attachments was
served, either in person or by mail, on the persons listed below.

_____
Signature
Notary NOT required

| Name | Address | Date Served |
|------|---------|-------------|
| UNITED STATES DISTRICT COURT FOR THE NoRTHERN DISTRICT OF CALIFORNIA | 450 GoldEN GATE AvENUE P.O. BOX 36060, SAN FRANCISCO, CA 94102 | MaRCH 25, 2008 |