1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  GREGORY A. OTT
   Deputy Attorney General
5  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
6  State Bar No. 117315
      455 Golden Gate Avenue, Suite 11000
7     San Francisco, CA 94102-3664
      Telephone: (415) 703-1362
8     Fax: (415) 703-1234
      Email: peggy.ruffra@doj.ca.gov
9  Attorneys for Respondent

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14 | ALEJANDRO MICHEL,                          | C 08-1724 JSW

15 |                            Petitioner,     | **MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY**

16 |                v.                          |

17 | J. WALKER, Warden,                         |

18 |                            Respondent.     |

19      Respondent hereby moves to dismiss the petition for writ of habeas corpus for failure to

20  comply with the statute of limitations set forth at 28 U.S.C. § 2244(d).

21      A motion to dismiss in lieu of an answer on the merits is proper where the petition is

22  procedurallly defective.  *See White v. Lewis*, 874 F.2d 599, 602-603 (9th Cir. 1989); *O'Bremski v.*

23  *Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4 and

24  Advisory Committee Notes.  We have not noticed a hearing date because petitioner is an

25  incarcerated state prisoner who is representing himself in this case.

26

27                        **STATEMENT OF THE CASE**

28      On January 6, 2003, petitioner pled guilty in Marin County Superior Court to six counts

*Michel v. Walker* - Motion to Dismiss Habeas Corpus Petition as Untimely - C 08-1724 JSW

1

1    of robbery and two counts of attempted robbery, and admitted that he was armed with a firearm.

2    Petition at 2, ¶ 3a.  On March 20, 2003, the court corrected the sentence to be 12 years and four

3    months in prison.  Petition at 2, ¶ 3f-g.

4            On April 28, 2004, the California Court of Appeal affirmed the judgment and sentence.

5    Exh. 1.  On July 28, 2004, the California Supreme Court denied review.  Exh. 2.

6            On April 4, 2007, petitioner filed a habeas corpus petition in Marin County Superior

7    Court, which was denied on April 25, 2007.  Exh. 5, Exh. A.  On June 27, 2007, petitioner filed a

8    habeas corpus petition in the California Court of Appeal, which was denied on July 13, 2007.  Exh.

9    3.  On August 11, 2007, petitioner filed a habeas corpus petition in the California Supreme Court,

10   which was denied on January 30, 2008.  Exhs. 4, 5.

11           On March 31, 2008, petitioner filed a habeas corpus petition in this Court.

12

13   **ARGUMENT**

14   **THE PETITION IS UNTIMELY**

15           This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

16   (AEDPA), which imposed a one-year statute of limitations on the filing of federal habeas petitions.

17   28 U.S.C. § 2244(d).  The purpose of the statute is to "encourag[e] prompt filings in federal court

18   in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536

19   U.S. 214, 226 (2002).

20           The limitations period commences on "the date on which the judgment became final by

21   the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

22   § 2244(d)(1)(A).  Direct review includes the 90-day period in which to file a petition for writ of

23   certiorari in the Supreme Court.  *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999). Petitioner's state

24   judgment became final on July 26, 2004, 90 days after the California Supreme Court denied review.

25   Accordingly, petitioner had until July 26, 2005, to file a timely federal petition.  *See Patterson v.*

26   *Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling, his federal petition filed on March

27   31, 2008, is late by almost three years.

28           The limitations period is tolled during the pendency of a properly filed state collateral

1  challenge to the judgment. 28 U.S.C. § 2244(d)(2). However, a state habeas corpus petition filed

2  after the statute has expired does not toll the limitations period. *Ferguson v. Palmateer*, 321 F.3d

3  820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period

4  that has ended before the state petition was filed"). Here, petitioner did not begin his state collateral

5  challenges until April 2007, almost two years after the limitations period had expired. Thus, none

6  of his state habeas corpus petitions tolled the statute.

7       We note that petitioner filed with his petition a document entitled Motion to File Habeas

8  Corpus and Reason for Delay, in which he argues that the two-month delay between the denial of

9  his last state habeas petition on January 30, 2008, and the filing date of his federal petition on March

10  31, 2008, should be excused because he did not receive the denial order until March 7, 2008, as the

11  result of an address change. However, even accounting for that two-month period, the federal

12  petition is still untimely by several years.

13       For the above reasons, the petition must be dismissed as untimely.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CONCLUSION**

2

Accordingly, respondent respectfully requests that the petition for writ of habeas corpus

3

be dismissed with prejudice for failure to comply with the statute of limitations in 28 U.S.C. §

4

2244(d).

5

6

Dated:  June 12, 2008

7

8

Respectfully submitted,

9

EDMUND G. BROWN JR.
Attorney General of the State of California

10

DANE R. GILLETTE
Chief Assistant Attorney General

11

GERALD A. ENGLER
Senior Assistant Attorney General

12

GREGORY A. OTT
Deputy Attorney General

13

14

**/s/ Peggy S. Ruffra**

15

PEGGY S. RUFFRA
Supervising Deputy Attorney General

16

Attorneys for Respondent

17

18

19

20

21

22

23

24

25

26

27

28

*Michel v. Walker* - Motion to Dismiss Habeas Corpus Petition as Untimely - C 08-1724 JSW

4

# EXHIBIT 1

# CALIFORNIA APPELLATE COURTS

Case Information

Change court ▼

| | |
|---|---|
| Welcome | **1st Appellate District** |
| Search | Court data last updated: 06/10/2008 12:05 PM |
| E-mail | Case Summary   Docket   Scheduled Actions   Briefs |
| Calendar | Disposition   Parties and Attorneys   Trial Court |
| Help | |
| Opinions | **Docket (Register of Actions)** |

C|C
home

**The People v. Michel**
**Division 5**
**Case Number A102127**

| Date | Description | Notes |
|---|---|---|
| 04/02/2003 | Notice of appeal lodged/received (criminal). | |
| 04/18/2003 | Notice of record completion received. | |
| 04/18/2003 | Record on appeal filed. | c-1-r-1 |
| 04/18/2003 | Probation report filed. | (1) |
| 06/03/2003 | Telephone conversation with: | FDAP sent the cao on 05-15-03/will resend. |
| 06/05/2003 | Telephone conversation with: | fdap/cao is on its way. |
| 06/06/2003 | Counsel appointment order filed. | Eleanor Kraft appt'd counsel for aplt, Michel/indep/40 days. |
| 07/08/2003 | 32.1(b) letter received from: | Ms. Kraft/requests the preliminary hearing tx. |
| 07/17/2003 | Default sent to court appointed counsel. | |
| 08/01/2003 | Telephone conversation with: | superior court for eta of tx. |
| 08/06/2003 | Telephone conversation with: | called marin superior court again for status as there was no response to my 08-01-03 call/21 days of hearing for one motion/she will try to get it done by Monday. |
| 08/12/2003 | Requested - extension of time. | Attorney: Kraft, Eleanor Party: Michel, Alejandro Attorney: First District Appellate Project Party: Michel, Alejandro |
| 08/13/2003 | Granted - extension of time. | Attorney: Kraft, Eleanor Party: Michel, Alejandro Attorney: First District Appellate Project Party: Michel, Alejandro |
| 08/15/2003 | Filed augmented record pursuant to rule 32.1(b) | preliminary hearing tx. |

Case 3:08-cv-01724-JSW   Document 4   Filed 06/12/2008   Page 7 of 36

| 09/11/2003 | Appellant's opening brief. | Attorney: Kraft, Eleanor Party: Michel, Alejandro |
|---|---|---|
| 10/15/2003 | Respondent notified pursuant to rule 17(a)(2) or 37(b). | |
| 11/17/2003 | Requested - extension of time. | Attorney: Office of Attorney General Party: The People |
| 11/17/2003 | Granted - extension of time. | Attorney: Tung, Nancy Party: The People |
| 12/10/2003 | Respondent's brief. | Attorney: Office of Attorney General Party: The People |
| 12/16/2003 | Appellant's reply brief. | Attorney: Kraft, Eleanor Party: Michel, Alejandro |
| 12/16/2003 | Case fully briefed. | |
| 01/07/2004 | Oral argument waiver notice sent. | |
| 01/16/2004 | Record to court for review. | |
| 01/21/2004 | Argument waived by: (no response - 10 day notice) | |
| 04/28/2004 | Submission order filed. | |
| 04/28/2004 | Opinion filed. | |
| 05/28/2004 | Petition for review in Supreme Court received. | |
| 06/02/2004 | Record transmitted to Supreme Court. | |
| 07/28/2004 | Petition for review filed in Supreme Court. | S125202 |
| 07/28/2004 | Remittitur issued. | |
| 07/28/2004 | Case complete. | |
| 08/09/2004 | Record returned from Supreme Court. | |
| 04/27/2006 | Shipped to state retention center, box # / list #: | L222 |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT 2

# CALIFORNIA APPELLATE COURTS
## Case Information



| | | |
|---|---|---|
**Supreme Court** | | Change court ▾

Court data last updated: 06/10/2008 12:53 PM

Supreme Court
Welcome
Search
E-mail
Calendar
Help
Opinions

C|C
home

**Case Summary   Docket   Briefs**
**Disposition   Parties and Attorneys   Lower Court**

## Docket (Register of Actions)

**PEOPLE v. MICHEL**
**Case Number S125202**

| Date | Description | Notes |
|---|---|---|
| 06/01/2004 | Petition for review filed | By counsel for appellant {Alejandro Michel}. |
| 06/01/2004 | Record requested | |
| 06/02/2004 | Received Court of Appeal record | file jacket/accordian file |
| 07/28/2004 | Petition for review denied | |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT 3

# CALIFORNIA APPELLATE COURTS
## Case Information

| Welcome |
| Search |
| E-mail |
| Calendar |
| Help |
| Opinions |

C|C
home

## 1st Appellate District

Change court ☑

Court data last updated: 06/04/2008 02:05 PM

**Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court**

## Docket (Register of Actions)

**In re Michel on Habeas Corpus.**
**Division 5**
**Case Number A118214**

| Date | Description | Notes |
|------|-------------|-------|
| 06/27/2007 | Petition for a writ of habeas corpus filed. | |
| 07/13/2007 | Order denying petition filed. | The petition for writ of habeas corpus is denied. |
| 07/13/2007 | Case complete. | |
| 03/18/2008 | Shipped to state retention center, box # / list #: | L274 |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT 4

# CALIFORNIA APPELLATE COURTS
## Case Information

| | |
|---|---|
| Supreme Court | **Supreme Court** |
| Welcome | Court data last updated: 06/04/2008 01:53 PM |
| Search | Case Summary   Docket   Briefs |
| E-mail | Disposition   Parties and Attorneys   Lower Court |
| Calendar | |
| Help | |
| Opinions | |

Change court 🔽

## Docket (Register of Actions)

**MICHEL (ALEJANDRO F.) ON H.C.**
**Case Number S155473**

| Date | Description | Notes |
|---|---|---|
| 08/17/2007 | Petition for writ of habeas corpus filed | Alejandro F. Michel, petitioner in pro per (Exhibits attached to petition) |
| 01/30/2008 | Petition for writ of habeas corpus denied | George, C.J., was absent and did not participate. |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

C|C
home

# EXHIBIT 5

Name _Alejandro F. Michel_

Address _C.C.I./ P.O. Box 1906 (4B-8A-204)_

_Tehachapi, CA 93581_

CDC ~~or ID~~ Number _T-86169_

_SUPREME COURT OF CALIFORNIA_

_____
(Court)

| | |
|---|---|
| _Alejandro F. Michel_ | **PETITION FOR WRIT OF HABEAS CORPUS** |
| Petitioner | |
| vs. | No. _____ |
| _William J. Sullivan; warden;_ | (To be supplied by the Clerk of the Court) |
| Respondent | |

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

☐ A conviction                     ☐ Parole

☑ A sentence                       ☐ Credits

☐ Jail or prison conditions        ☐ Prison discipline

☐ Other (specify): _____

1. Your name:   Alejandro F. Michel

2. Where are you incarcerated?  "California Correctional Institution", Tehachapi, Calif.

3. Why are you in custody?  ☑ Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Six counts of 2nd. Degree Robbery and 2 counts of Attempted Robbery with use of

   a Firearm in connection with one count of 2nd Deg. Robbery.

   b. Penal or other code sections:   P.C. § 211, 664 and 12022

   c. Name and location of sentencing or committing court:  Marin County Superior court;

   San Rafael, California

   d. Case number:   123016

   e. Date convicted or committed:  January 6, 2003

   f. Date sentenced:  March 20, 2003

   g. Length of sentence:  12 years, 4 months.

   h. When do you expect to be released?  October 30, 2013

   i. Were you represented by counsel in the trial court?  ☑ Yes.   ☐ No. If yes, state the attorney's name and address:

   Carl Gonser; Public Defender's office; 3501 Civic Center Drive;

   San Rafael, CA - 94903

4. What was the LAST plea you entered? *(check one)*

   ☐ Not guilty   ☑ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6.  GROUNDS FOR RELIEF
Ground 1:  State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four.  For additional grounds, make copies of page four and number the additional grounds in order.)*

*Due to scope of Issues please see Attached Memorandum of points and authorities in support of petition for writ of habeas corpus hereto.*

a.  Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

(Same as above)

b.  Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

*Please see Attached memorandum of points and authorities hereto.*

7. Ground 2 or Ground _____ (if app. _le):

*Due to scope of issue Please see Attached Memorandum of Points and Authorities in support of petition for writ of Habeas Corpus hereto.

a. Supporting facts:

(same as above)

b. Supporting cases, rules, or other authority:

* Please see Attached Memorandum of Points and Authorities hereto.

MC-275 [Rev. January 1, 1999]                    PETITION FOR WRIT OF HABEAS CORPUS                    Page four of six

8. Did you appeal from the conviction, se...ce, or commitment?  ☑ Yes.  ☐ No.  If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): *CALIFORNIA COURT OF APPEAL; FIRST APPELLATE DISTRICT*

   b. Result: *JUDGMENT AFFIRMED*     c. Date of decision: *4/28/04*

   d. Case number or citation of opinion, if known: *NO. A102127*

   e. Issues raised: (1) *The TRIAL COURT VIOLATED APPELLANTS CONSTITUTIONAL RIGHTS WHEN IT RETURNED HIM TO COURT AND RESENTENCED HIM.*

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal?  ☑ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:
   *ELEANOR M. KRAFT; P.O. BOX 60698; PALO ALTO, CA. 94306*

9. Did you seek review in the California Supreme Court?  ☑ Yes.  ☐ No.  If yes, give the following information:

   a. Result: *Denied Review*     b. Date of decision: *7/28/04*

   c. Case number or citation of opinion, if known: *NO. A102127*

   d. Issues raised: (1) *(Same as Above)*

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    *At time of petitioners Direct Appeal, BLAKELY was pending in the U.S. Supreme Court; Wherefore, The claim herein is Applied retroactively (see U.S. V. Olano, 507 U.S. 725, at 733 (1993).); AND IN RE BIRDWELL, 50 CAL. APP. 4Th. 926, At 927.*

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
    *N/A*

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
    *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you file ___ other petitions, applications, or motions wi____ pect to this conviction, commitment, or issue in any court? ☑ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _MARIN COUNTY SUPERIOR COURT_

   (2) Nature of proceeding (for example, "habeas corpus petition"): _habeas corpus petition_

   (3) Issues raised: (a) _Apprendi - Blakely - Cunningham violation._

   (b) _____

   (4) Result (Attach order or explain why unavailable): _Denied. (order Attached hereto as exh. 'A')_

   (5) Date of decision: _April 25, 2007_

   b. (1) Name of court: _CALIFORNIA COURT OF APPEAL; FIRST APPELLATE DISTRICT, DIV. 5_

   (2) Nature of proceeding: _HABEAS CORPUS PETITION_

   (3) Issues raised: (a) _(SAME AS HEREIN)(& SAME AS SUPERIOR COURT ABOVE)._

   (b) _____

   (4) Result (Attach order or explain why unavailable): _DENIED (SEE ATTACHED EXH. 'B' HERETO)._

   (5) Date of decision: _JULY 13, 2007_

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:



15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
"_The General Rule that an unexplained delay in seeking relief may bar habeas corpus relief does Not apply to bar the correction of AN unauthorized sentenced" (IN RE Birdwell (1996) 50 CAL-APP-4Th 926, At 927) (see also, People v. Tenorio (1970) 3C-3d-89 At 95 FN-2)_

16. Are you presently represented by counsel? ☐ Yes. ☑ No. If yes, state the attorney's name and address, if known:



17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☑ No. If yes, explain:



18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
_APPLICATION to this court is APPROPRIATE (see IN RE HUDDINOTT (1996) 12 CAL-4Th-992 at 995 FN-2)._

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 7-29-07                    ▶ _[signature]_
                                      (SIGNATURE OF PETITIONER)

_MEMORANDUM OF POINTS AND AUTHORITIES_

_IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS_

## I.

THE TRIAL COURTS IMPOSITION OF THE UPPER TERM OF
IMPRISONMENT IN ALL SIX COUNTS OF 2ND.
DEGREE ROBBERY AND IN BOTH COUNTS OF
ATTEMPTED ROBBERY ; BASED ON FACTS NOT FOUND
BY THE JURY BEYOND A REASONABLE DOUBT, NOR
ADMITED BY PETITIONER TO BE TRUE ; VIOLATED
PETITIONERS RIGHTS UNDER THE SIXTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION UNDER _APPRENDI V. NEW JERSEY_,
530 U.S. 466 (2000) ; _BLAKELY V. WASHINGTON_,
542 U.S. 296 (2004) ; _CUNNINGHAM V. CALIFORNIA_
AND _PEOPLE V. BANKS_, (APR. 12 2007) 6036873 ___
CAL. APP. 4TH ___ (2007 WL 1111849).

_STATEMENT OF FACTS_

ON JANUARY 6, 2003 AN INFORMATION
WAS FILED IN THE MARIN COUNTY SUPERIOR COURT CHARGING PETITIONER
WITH SIX COUNTS OF 2ND. DEGREE ROBBERY IN VIOLATION OF CALIFORNIA
PENAL CODE SECTION [1] 211 (COUNTS 4-9) AND TWO COUNTS OF
ATTEMPTED ROBBERY IN VIOLATION OF P.C. §§ 211 & 664 (CLERKS
TRANSCRIPTS [2] AT PAGES 144-147).

THE INFORMATION FURTHER ALLEGED
THAT PETITIONER WAS ARMED WITH A FIREARM IN COUNT 6 , IN
VIOLATION OF P.C. § 12022 (a)(1) (CT. 145).

ON JANUARY 6, 2003 PETITIONER

---

HEADNOTE :    1.  HEREIN AFTER : P.C. §.
            2.  HEREIN AFTER : CT.



1  PLEAD GUILTY TO ALL SIX COUNTS OF 2ND-DEGREE ROBBERY AND BOTH

2  COUNTS OF ATTEMPTED ROBBERY (CT. 134). PETITIONER ALSO ADMITTED

3  THE SPECIAL ALLEGATION TO BE TRUE (CT. 124).

4        ON MARCH 19, 2003 THE COURT SENTENCED

5  PETITIONER TO THE UPPER TERM OF 5-YEARS ON COUNT SIX AND

6  CONSECUTIVE ONE-YEAR TERMS ON EACH OF THE REMAINING FIVE

7  2ND-DEGREE ROBBERY COUNTS-, INCLUDING SIX-MONTHS ON EACH OF

8  THE ATTEMPTED ROBBY COUNTS / CHARGES (COUNTS 10 & 11).[3]

9        FINALLY; THE COURT IMPOSED A 1-YEAR

10  TERM FOR THE ARMING ENHANCEMENT, FOR A TOTAL OF 12-YEARS[3].

11  ON THE FOLLOWING DAY, MARCH 20, 2003, THE COURT CORRECTED THE

12  SENTENCE ON COUNTS 10 & 11 TO 8-MONTHS ON EACH COUNT, FOR A

13  NEW TOTAL SENTENCE OF 12-YEARS; 4-MONTHS.[4]

14

15

16                    ARGUMENT

17        PETITIONER ACKNOWLEDGED, IN GUILTY PLEA,

18  THAT HE WAS SUBJECT TO A MAXIMUM PRISON TERM OF 12-YEARS, 4-

19  MONTHS[5]. HOWEVER, THE COURT SHOULD NOT HAVE IMPOSED THE MAXIMUM

20  SENTENCE. BASED ON THE COUNTS OF CONVICTIONS, THE COURT SHOULD

21  HAVE SENTENCED PETITIONER TO A LESSER TERM. INSTEAD THE

22  JUDGE FOUND THAT THE "FACTS" WARRANTED IMPOSITION OF AGGRAVATED

23  TERMS". AND THUS IMPOSED THE UPPER TERM.[6]

24        THE "FACTS" FOUND BY THE JUDGE WERE NEITHER

25  _____

26     3.    CT. 160-161 ;
       4.    CT. 163 ;
27     5.    CT. 134 ;
       6.    CT. 160-163.

1  ADMITTED BY PETITIONER NOR FOUND BY THE JURY. HENCE, SINCE

2  THE ESSENTIAL FACTS INCREASE THE SENTENCE BY TWO-YEARS, FOUR-

3  MONTHS, THE PENALTY IMPOSED VIOLATES PETITIONER'S CONSTITUTION-

4  -AL FEDERAL RIGHTS.

5          UNDER THE REQUIREMENTS OF THE SIXTH AND FOUR-

6  -TEENTH AMENDMENTS AS OUTLINED IN BLAKELY V. WASHINGTON,

7  542 U.S. 296 (2004), AND AS RECENTLY REITERATED BY THE U.S.

8  SUPREME COURT IN CUNNINGHAM V. CALIFORNIA (2007) 549 U.S.

9  [127 S.CT. 856]. THE JUDGE COULD IMPOSE NO MORE THAN 10-YEARS,

10  4-MONTHS (I.E., MIDTERM SENTENCE).

11          THE JUDGE IN THIS CASE STATED AT SENTENCING

12  THAT SHE WAS RELYING ON THE AGGRAVATING FACTORS WHICH WERE

13  CONTAINED IN THE PROBATION REPORT (CT. 161-163).

14          THESE FACTORS CONSIST OF ISSUES SUCH AS:

15          (1.)  PETITIONER'S PRIOR ADJUDICAT-

16  -IONS OF COMMISSION OF CRIMES AS A JUVENILE;

17          (2.)  PETITIONER'S PRIOR PERFORM-
    -ANCE ON PROBATION WAS UNSATISFACTORY;

18          (3.)  A VICTIM WAS HURT DURING

19  ONE ROBBERY / PETITIONER ENGAGED IN A PATTERN OF VIOLENT
    CONDUCT WHICH INDICATES A SERIOUS DANGER TO SOCIETY; AND

20          (4.)  PETITIONER'S CRIMES ARE OF

21  INCREASING SERIOUSNESS AND HE IS A MEMBER OF A CRIMINAL
    STREET GANG.

22          PETITIONER SUBMITS THAT APPRENDI-BLAKELY-

23  CUNNINGHAM (SUPRA) RENDERS UNCONSTITUTIONAL PORTIONS OF

24  CALIFORNIA'S DETERMINATE SENTENCING SCHEME, INCLUDING THE

25  PROVISIONS OF (CAL.) P.C. § 1170(b) WHICH AUTHORIZES JUDGES, NOT

26  JURIES TO MAKE FACTUAL FINDINGS SUPPORTING AGGRAVATING FACTORS

27  USED TO IMPOSE THE UPPER TERM. THE SENTENCING JUDGE IN THIS

1    CASE IMPOSED THE UPPER TERM BASED UPON FACTUAL FINDINGS WHICH WERE

2    NEITHER ADMITTED BY PETITIONER NOR FOUND TRUE BY A JURY. THE SENTENCING

3    JUDGE ALSO WAS NOT REQUIRED UNDER THE CALIFORNIA RULES OF COURT,

4    RULE 4.420 (6) TO APPLY THE PROOF BEYOND A REASONABLE DOUBT

5    STANDARD TO ITS FACTUAL FINDINGS, AS REQUIRED _IN BLAKELY_

6    (AND FURTHER EXPLAINED IN _CUNNINGHAM_), BUT RATHER ONLY A

7    PREPONDERANCE STANDARD; AND BECAUSE NONE OF THE SENTENCING

8    FACTORS IN AGGRAVATION LISTED IN THE PROBATION REPORT OR USED

9    BY THE TRIAL JUDGE IN IMPOSING THE SENTENCE WERE TRIED TO

10   THE JURY OR PROVED BEYOND A REASONABLE DOUBT; THIS COURT

11   SHOULD ORDER THAT THE COURT MAY NOT IMPOSE AN UPPER TERM ON

12   EITHER COUNTS OR THE ENHANCEMENT ALLEGATIONS.

13           IN _BLAKELY_ THE UNITED STATES SUPREME COURT HELD

14   THAT THE TRIAL COURT'S USE OF AGGRAVATING FACTORS VIOLATE THE

15   RULE SET FORTH IN _APPRENDI V. NEW JERSEY_, 530 U.S. 466 (2000),

16   WHERE IT WAS HELD THAT (THE) DUE PROCESS (CLAUSE) REQUIRES THAT

17   ANY FACT WHICH EXPOSES A DEFENDANT TO GREATER PUNISH—

18   —MENT THAN THE MAXIMUM OTHERWISE ALLOWABLE ("STATUTORY

19   MAXIMUM") FOR THE UNDERLYING OFFENSE HAD TO BE "SUBMITTED

20   TO A JURY AND PROVED BEYOND A REASONABLE DOUBT" (_Id._

21   AT P. 490).

22           THE "STATUTORY MAXIMUM" FOR _APPRENDI_

23   PURPOSES IS THE MAXIMUM SENTENCE A JUDGE MAY IMPOSE SOLELY

24   ON THE BASIS OF THE FACTS REFLECTED IN THE JURY VERDICT OR

25   ADMITTED BY THE DEFENDANT.

26           "IN ALL MATERIAL RESPECTS, CALIFORNIA'S DETERMINATE
             SENTENCING LAW (D.S.L.) RESEMBLES THE SENTEN—
27           —CING SYSTEMS INVALIDATED IN BLAKELY AND BOOKER.
             FOLLOWING THE REASONING IN THOSE CASES, THE



COURT PAPER
STATE OF CALIFORNIA
D. 113 (REV. 3-95)

P 98 10924

1  MIDDLE TERM PRESCRIBED UNDER CALIFORNIA LAW,
   NOT THE UPPER TERM, IS THE RELEVANT
2  STATUTORY MAXIMUM. BECAUSE THE AGGRAVAT-
   -ING FACTS THAT AUTHORIZE THE UPPER TERM
3  ARE FOUND BY THE JUDGE, AND NEED ONLY BE
   ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE,
4  (CALIFORNIA'S) D.S.L. VIOLATES THE RULE OF APPRENDI."
5  (CUNNINGHAM V. CALIFORNIA (2007) 549 U.S.___, 127 S.CT. 856, AT 858)

6        WHEREFORE, UNDER APPRENDI-BLAKELY-
7  CUNNINGHAM, THE ONLY FACTORS THE JUDGE IS PERMITTED TO USE TO
8  INCREASE A SENTENCE ARE THOSE PRESENTED TO THE JURY FOR ITS
9  CONSIDERATION AND FOUND TRUE BY IT BEYOND A REASONABLE DOUBT.
10 IF THE JURY DOES NOT FIND UNANIMOUSLY AND BEYOND A REASONABLE
11 DOUBT THAT THE AGGRAVATING FACTORS ARE TRUE, THE JUDGE MAY NOT
12 USE THEM TO INCREASE A SENTENCE (SEE, ALSO PEOPLE V. BANKS,
13 (APR. 13, 2007, 6036873)___ CAL. APP. 4TH___ (2007 WL 1111849)).
14        IN THE INSTANT CASE, THE TRIAL COURT
15 WAS NOT REQUIRED TO IMPOSE A 12-YEAR, 4-MONTH SENTENCE.
16 HENCE, THE TRIAL COURT VIOLATED PETITIONER'S SIXTH AMENDMENT
17 RIGHT WHEN IT IMPOSED AN AGGRAVATED SENTENCE BASED
18 ON FACTS NOT FOUND BY A JURY TO BE TRUE BEYOND A
19 REASONABLE DOUBT OR STIPULATED BY PETITIONER.
20
21        PETITIONER WAS PREJUDICED BY THE ERROR.
22 USE OF FACTS NOT FOUND BY THE JURY BEYOND A REASONABLE
23 DOUBT NOR ADMITTED BY PETITIONER TO INCREASE A
24 DEFENDANT'S SENTENCE BEYOND THE STATUTORY MAXIMUM
25 REQUIRES REVERSAL OF THAT SENTENCE UNLESS THE STATE
26 CAN ESTABLISH THAT THE ERROR WAS HARMLESS BEYOND A
27 REASONABLE DOUBT (NEDER V. UNITED STATES (1999) 527

1    U.S. 1 ;  PEOPLE V. SENG PADY CHITH  (2001) 26 CAL. 4TH. 316, AT 326)

2                          THE ERROR IN THIS CASE WAS THEREFORE,

3    AN ACTION TAKEN IN EXCESS OF THE TRIAL COURT'S AUTHORITY

4    WHICH MAY BE CHALLENGED IN HABEAS CORPUS EVEN IF THERE

5    HAS BEEN DELAY OR A PRIOR AFFIRMANCE IN DIRECT APPEAL.

6              "THE GENERAL RULE THAT AN UNEXPLAINED DELAY IN
7              SEEKING RELIEF MAY BAR HABEAS CORPUS RELIEF
               DOES NOT APPLY TO BAR THE CORRECTION IF AN
8              UNAUTHORIZED SENTENCE "; AND " AN UNAUTH-
               ORIZED SENTENCE MAY BE CORRECTED AT ANY
9              TIME. THE STATE OF CALIFORNIA SHOULD HAVE NO
               INTEREST IN PERPETUATING A SENTENCE
10             WHICH IS NOT AUTHORIZED BY LAW."

11   ( IN RE BIRDWELL (1996) 50 CAL. 4TH. 926, AT 927, & 931 ).

12                          IN PEOPLE V. TENORIO (1970) 3 C.3d. 89, AT 95 fn.2,

13   THE COURT HELD THAT " AN UNCONSTITUTIONAL SENTENCE IS FULLY

14   RETROACTIVE RELATING ONLY TO SENTENCING AND WOULD NOT REQUIRE

15   ANY RETRIALS ". ( SEE, ALSO;  PEOPLE V. BELMONTES  (1983) 34 CAL.

16   3d. 335. AT 348 fn.8 (SAME) ; AND  PEOPLE V. SUPERIOR COURT

17   (ROMERO) (1996) 13 CAL. 4TH. 497. AT 530 fn.13 ( HOLDING THAT AN

18   UNCONSTITUTIONAL SENTENCE MAY BE RAISED ON APPEAL, OR, IF

19   RELIEF IN APPEAL IS NO LONGER AVAILABLE, THE DEFENDANT

20   MAY FILE A PETITION FOR HABEAS CORPUS TO SECURE RECONSID-

21   -ERATION OF THE SENTENCE. ").

22             "AS WE RECENTLY REAFFIRMED, THE RULE REQUIRING
               A HABEAS CORPUS PETITIONER TO JUSTIFY ANY
23             SUBSTANTIAL DELAY IN RAISING A CLAIM; SUCH
               AS PETITIONERS, OF "SENTENCING ERROR
24             AMOUNTING TO AN EXESS OF JURISDICTION. AN
               APPELLATE COURT MAY CORRECT A SENTENCE THAT
25             IS NOT AUTHORIZED BY LAW ' WHENEVER THE
               ERROR COMES TO THE ATTENTION OF THE COURT
26             ( IN RE HARRIS (1993) 5 CAL. 4TH. 813, 842 CITING
               IN RE RICKY H. (1981) 30 CAL. 3d. 176, 191 )."

27   ( IN RE HODDINOTT (1996) 12 CAL. 4TH. 992. AT 995 fn. 2. )

## II.

1

2  THE TRIAL COURT'S DENIAL OF PETITIONER'S WRIT

3  OF HABEAS CORPUS HERETOFORTH WAS IN ERROR

4  AND APPROPRIATE REMEDY FOR TRIAL COURT'S
   APPRENDI - BLAKELY - CUNNINGHAM SENTENCING
   ERROR IS TO REMAND PETITIONER'S CASE FOR

5  RESENTENCING , APPRENDI V. NEW JERSEY
   (2000) 530 U.S. 466 ; BLAKELY V. WASHINGTON

6  (2004) 542 V.S. 296 ; U.S. V. OLANO (1993) 507
   U.S. 725 ; AND PEOPLE V. BANKS (APR. 13, 2007,

7  G036873)___ CAL. APP. 4TH.___ (2007 WL1111849).

8  STATEMENT OF FACTS

9  ON APRIL 25 , 2007 THE SUPERIOR COURT OF CALIFORNIA, COUNTY

10 OF MARIN , IN CASE NO. SC152826 A , DENIED PETITIONER'S PETITION FOR

11 WRIT OF HABEAS CORPUS (HERETOFORTH) BASED ON AN ERRONEOUS CONCLUSION

12 THAT "BECAUSE PETITIONER EXECUTED A CHANGE OF PLEA FORM WHICH

13 AMONG OTHER THINGS CONTAINED A WAIVER OF THE RIGHT TO A JURY

14 TRIAL AS WELL AS AN AGREEMENT BY PETITIONER THAT HIS MAXIMUM

15 SENTENCE EXPOSURE WAS IN FACT 12-YEARS AND 4-MONTHS . THE

16 SENTENCE OF 12-YEARS WAS THEREFORE WITHIN THE PARAMETERS OF

17 THE MAXIMUM SENTENCE TO WHICH PETITIONER AGREED " (PLEASE

18 SEE COURT DENIAL ATTACHED HERETO AS EXHIBIT "A").

19

20 CONCLUSION OF LAW

21 IN BOTH APPRENDI AND BLAKELY , BOTH DEFENDANTS

22 PLEAD GUILTY TO PLEA BARGAIN AGREEMENTS , HOWEVER , BECAUSE

23 THE FACTS SUPPORTING THEIR AGGRAVATED (UPPER TERM) SENTENCES

24 WERE NEITHER ADMITTED BY THEM NOR FOUND BY A JURY BEYOND

25 A REASONABLE DOUBT TO BE TRUE , THE SENTENCES VIOLATED THEIR

26 SIXTH AMENDMENT RIGHT TO TRIAL BY JURY .

27 FURTHERMORE , THE TRIAL COURT ALSO ALLEGES IN ITS

1   APRIL 25, 2007 DENIAL (ATTACHED HERETO AS EXHIBIT 'A') THAT

2   HE FORFEITED (WAIVED) HIS RIGHT UNDER APPRENDI-BLAKELY-

3   CUNNINGHAM IS ALSO IN ERROR.

4          PETITIONERS SENTENCE HEARING TOOK PLACE ON MARCH

5   19, 2003, APPROXIMATELY 15-MONTHS PRIOR TO THE U.S. SUPREME

6   COURT'S DECISION IN BLAKELY. WHEREFORE, THE TRIAL COURT'S

7   IMPLICATION THAT PETITIONER KNOWINGLY WAIVED OR FORFEITED HIS

8   BLAKELY CHALLENGE/ERROR; IS IMPOSSIBLE CONSIDERING THAT

9   BLAKELY (AND CUNNINGHAM) WERE DECIDED AFTER PETITIONER

10  WAS SENTENCED.

11          "WE FIND THERE IS NO WAIVER OR FORFEITURE

12           OF BLAKELY ERROR IN THIS CASE BECAUSE
             A CRIMINAL DEFENDANT CAN NOT HAVE
             FORFEITED OR WAIVED A LEGAL ARGUEMENT

13           THAT WAS NOT RECOGNIZED AT THE TIME OF HIS

14           TRIAL."

     (PEOPLE V. ESQUIBEL (2006) 143 CAL.APP.4TH.645, AT 660.)

15

16          SEE, ALSO, U.S. V. OLANO, 507 U.S. 725, AT 733

17  ("WAIVER IS THE INTENTIONAL RELINQUISHMENT OR ABANDONMENT OF A

18  KNOWN RIGHT.").

19          IT WAS NOT UNTIL BLAKELY THAT THE

20  U.S. SUPREME COURT PROVIDED A CONSTITUTIONAL EXPLINATION OF

21  WHAT IT HAD MEANT IN APPRENDI BY THE PHRASE "STATUTORY

22  MAXIMUM SENTENCE". THUS SO, BLAKELY MADE IT PERFECTLY

23  CLEAR THAT, WHEN THE U.S. SUPREME COURT REFERRED TO THE

24  "STATUTORY MAXIMUM SENTENCE" IN APPRENDI, IT DID

25  NOT MEAN THE MAXIMUM THE LEGISLATURE HAD AUTHORIZED, BUT

26  RATHER THE MAXIMUM SENTENCE THAT CAN BE IMPOSED, BASED

27  SOLELY ON THE JURY'S FINDINGS OR ADMITTED BY THE DEFENDANT

1   (BLAKELY, SUPRA, 542 U.S. AT 296).

2                    APPLYING THIS DEFINITION, A HIGH-END

3   SENTENCE, SUCH AS PETITIONERS, BASED ON FACTS FOUND BY THE JUDGE

4   ALONE DOES EXCEED THE "STATUTORY MAXIMUM", BECAUSE THE MID-TERM

5   SENTENCE IS THE MOST THAT CAN BE IMPOSED WITHOUT SPECIAL FINDINGS.

6

7

8                         CONCLUSION

9                    FOR THE FOREGOING REASON HEREIN, THIS COURT

10  SHOULD REMAND THIS CASE TO THE TRIAL COURT FOR RE SENTENCING OF

11  PETITIONER'S SENTENCE TO THE MIDDLE TERM PURSUANT TO THE MANDATES OF THE

12  UNITED STATES SUPREME COURT DECISIONS OF APPRENDI-BLAKELY-CUNNINGHAM

13  AND CONSISTENT WITH THIS COURTS RULING IN PEOPLE V. BANKS (APR.13,2007;

14  G036873) ____ CAL.APP.4TH ____ (2007 WL 1111 849).

15

16

17  DATED: 7-29-07                    RESPECTFULLY SUBMITTED BY:

18

19                                    ALEJANDRO F. MICHEL

20                                    -PRO-PER PETITIONER.

21

22

23

24

25

26

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

# Exhibit



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

APR 2 5 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
BY: M. Murphy, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

In re ALEJANDRO FRANCISCO MICHEL )
                                                     )    Case No.  SC 152826A
            Petitioner,                              )
                                                     )    **ORDER DENYING PETITION FOR**
                                                     )    **WRIT OF HABEAS CORPUS**
_____ )

        Petitioner filed his Petition for Writ of Habeas Corpus on April 4, 2007.  Following a plea

of guilty to five counts of violating Penal Code §211 and two counts of attempted §211,

Petitioner was sentenced on March 19, 2003 in the Superior Court in Marin County to the

aggravated term of twelve years in the state prison.

        Petitioner now complains pursuant to what is known as a *Blakely/Apprendi/Cunningham*

argument that he was improperly sentenced to the aggravated term because factors in

aggravation were not found to be true by a jury.

        Petitioner appealed his sentence and the sentence was affirmed by the Court of Appeal on

April 28, 2004.  In reviewing the record, it appears that Petitioner executed a change of plea form

which among other things contained a waiver of the right to a jury trial as well as an agreement

by Petitioner that his maximum exposure was in fact twelve years and four months.  The

sentence of twelve years was therefore within the parameters of the maximum sentence to which

Petitioner agreed.

        The Petition for Writ of Habeas Corpus is therefore denied.

Dated:  April 25, 2007

                                                    JUDGE OF THE SUPERIOR COURT

_____
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS -- PAGE 1

STATE OF CALIFORNIA )
COUNTY OF MARIN      )

IN RE: **ALEJANDRO FRANCISCO MICHEL**

ACTION NO.: SC152826A

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE
AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-
ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF
JUSTICE, SAN RAFAEL, CA 94903. ON **April 25, 2007** I SERVED THE WITHIN
***ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS*** IN SAID
ACTION TO ALL INTERESTED PARTIES, BY PLACING A TRUE COPY
THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON
FULLY PREPAID, IN THE UNITED STATES POST OFFICE MAIL BOX AT SAN
RAFAEL, CA ADDRESSED AS FOLLOWS:

| | |
|---|---|
| *ALEJANDRO FRANCISCO MICHEL*<br>*CDC# T-86169*<br>*CALIFORNIA CORRECTIONAL*<br>*INSTITUTION*<br>*PO BOX 1906/48-8C-204*<br>*TEHACHAPI, CA 93581* | *WARDEN*<br>*CALIFORNIA CORRECTIONAL*<br>*INSTITUTION*<br>*PO BOX 1906*<br>*TEHACHAPI, CA 93581* |
| *ATTORNEY GENERAL*<br>*ATTN: ANYA BINSACCA*<br>*CORRECTIONAL LAW SECTION*<br>*455 GOLDEN GATE AVENUE*<br>*12TH FLOOR*<br>*SAN FRANCISCO, CA 94102* | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE:    4/25/07    *MMurphy*





IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION FIVE

In re ALEJANDRO FRANCISCO MICHEL on Habeas
Corpus.

**FILED**

JUL 13 2007

Court of Appeal - First App. Dist.
DIANA HERBERT

A118214

Marin County No. 123016

By _____
DEPUTY

BY THE COURT:*

    The petition for writ of habeas corpus is denied.

JUL 13 2007
Date_____                    JONES, P.J.    P.J.

* Before Jones, P.J., Simons, J. and Needham, J.

**FORM E**

Proof of Service by Mail

[Case Name and Court Number]

I declare that:

I am a resident of _C.C.I. PRISON_ in the county of _KERN_, California. I am over the age of 18 years. My residence address is:

_P.O. BOX : 1906 ; TEHACHAPI , CA. 93581_.

On _7-29-07_, I served the attached _PETITION FOR WRIT OF HABEAS_ on the

_RESPONDENT_ in said case by placing a true copy thereof enclosed in a sealed

envelope with postage thereon fully paid, in the United States mail at _C.C.I. PRISON_

addressed as follows:

_ATTORNEY GENERAL OFFICE_

_455 GOLDEN GATE AVE, 12TH FL., SAN FRANCISCO . CA . 94102_.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on _7-29-07_ [date],

at _TEHACHAPI_, California.

_ALEJANDRO F. MICHEL_
[Type or Print Name]

_alex michel_
[Signature]

<u>**DECLARATION OF SERVICE BY MAIL**</u>

Case Name:  ***Alejandro Michel v. Walker***
Case No. **C 08-1724 JSW**

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>June 12, 2008</u>, I served the attached

### MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY

in the internal mail collection system at the Office of the Attorney General,455 Golden Gate Avenue, Suite 11000, San Francisco, California 94102, for deposit in the United States Postal Service that same day in the ordinary course of business in a sealed envelope, postage fully prepaid, addressed as follows:

Alejandro Michel
T-86169
California State Prison - Sacramento
P.O. Box 290066
Represa, CA  95671

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on June 12, 2008, at San Francisco, California.

<u>  Denise Neves               </u>                    <u>  **/s/ Denise Neves**             </u>
                                                                          Signature