ALEJANDRO MICHEL #T-86169

CSP-SACRAMENTO-B5-219

POST OFFICE BOX 290066

REPRESA, CALIFORNIA 95671


IN PROPRIA PERSONA


## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA


ALEJANDRO MICHEL

      PETITIONER,

    **Vs.**

J. WALKER, WARDEN, et al.

     RESPONDENT,

CASE#  C08-1724 JSW

OPPOSITION TO RESPONDENTS MOTION TO DISMISS

J.S MAGISTRATE JUDGE JSW

---

TO; RESPONDENT JAMES WALKER, ATTORNEY EDMUND G. BROWN JR.,

ATTORNEY OF RECORD;

    Petitioner ALEJANDRO MICHEL, acting in propria persona

to the above entitled action, hereby file this opposition

pursuant  to this District Court's Order dated ȷᴜʟʏ ᵢ₅     2008,

and hereby admit and deny each factual allegation of the motion

to dismiss, and allege as follows;


## I.

    Petitioner admit he is currently in custody pursuant to

a plea entered in Marin County Superior Court, case No. 123016 ,

but his sentence is illegal, and in violation of petitioner's

constitutional rights under the Sixth and Fourteenth Amendments.

## II.

Petitioner deny that his confinement is in any way legal or proper, that the sentence underlying petitioner's confinement is illegal whereas petitioner never admitted to factors use to impose the upper term, and that petitioner's rights have been and are still being violated in may ways. Therefore, petitioner submit that respondents Motion to Dismiss petitioner's Petition for Writ of Habeas Corpus should be denied.

## III.

Petitioner admits that his Writ of Habeas Corpus was filed two (2) years after my statute of limitation ran. Yet, petitioner can show cause and prove prejudicial; in order, to have his Writ of Habeas Corpus heard on the merits.

//
//
//
//
//
//
//
//
//
//
//
//

**2.**

Wherefore, Petitioner respectfully request that the Respondent's Motion to Dismiss be denied and that they be held to answer petitioner's habeas corpus on the merits.

**DATED:**  8/8/08

Respectfully Submitted,

*Alejandro Michel*

**ALEJANDRO MICHEL #T-86169**
**IN FORMA PROPRIA PERSONA**

3.

"MEMORANDUM OF POINTS AND AUTHORITIES"

GROUND I.

PETITONER CAN SHOW CAUSE AND ACTUAL

PREJUDICE TO HIS CASE; TO NOT HEAR

HIS CLAIM WILL RESULT IN A MISCARRAIGE

OF JUSTICE.

It is now well established that a petitioner's statute of limitation begins to run from the latest of the prescribed dates that are set forth in Title 28 U.S.C. §§ 2244(d),(1),(14) The purpose of the statute is to encourage prompt filings in federal court in order to protect the Federal system from being forced to hear state claims. (see CAREY V. SAFFOLD (2002) 536 U.S. 214, 226.)

The U.S. Supreme Court has always recognized an exception to procedural bars placed before petitioners; Although failure to raise a claim in a timely manner constitute procedural default which would naormally bar federal habeas review, the default could be overcome by a showing of "cause and prejudice." The supreme Court then went on to state in MURRAY V. CARRIER (1986) 477.U.S. 478, 106 S.ct. 2639,91 L.Ed. 2d 397;

> "[i]N APPROPRIATE CASES"  THE PRINCIPLES
>
> OF COMITY AND FINALITY THAT INFORM THE
>
> CONCEPTS OF CAUSE  AND PREJUDICE" MUST
>
> YIELD TO THE IMPERATIVE OF CORRECTING A
>
> FUNDAMENTALLY UNJUST INCARCERATION." (Id.
>
> at 495-96, 106 S.ct. at 2649 (quoting
>
> ENGLE V. ISAAC, 456 U.S. 107, 135, 102S.ct
>
> 1558, 1576, 71 L.Ed 783 (1982).

1.

In McCLESKEY V. ZENT (1991) 499 U.S. 476, 111 S. ct.1454, 113 L. Ed.2d 517, the court held that federal habeas corpus relief to challenge a state court adjudication is not available unless the cause and prejudice requirements are satisfied. "Cause," requires an objective factor external to the defense that impeded the petitioners ability to raise the claim before. It may be satisfied by the interference from officials, by the previous unavailability of the claim, or by constitutionally ineffective assistance of counsel. The requirement of resulting prejudice requires a showing that the claimed error prejudiced the case, resulting in a miscarriage of justice. (Id. at 111 S.ct. p. 1470, 115 L. Ed. 2d p.544.)

With the case at bar, petitioner's case was pending at the time that the U.S. Supreme Court rendered it's decision in BLAKELY V. WASHINGTON (2004) 542 U.S. 296; Declaring other than the fact of a prior conviction, any fact used to increase punishment beyond the presumptive "Statutory Maximum" must be either admitted by the defendant or pled and proven to a jury beyond a reasonable doubt. Soon after this decision the California Supreme Court addressed this same issue, and how it effected  California's Determinate Sentencing Law; Which for most felony crimes  allows a judge to select the sentence from three possible terms, a low term, a medium term or a high term. Under this sentencing scheme a judge is suppose to impose the middle term unless he or she finds by a preponderance of the evidence that there are  "Mitigating" or "Aggravating" facts that justify a low or high term. (see CALIFORNIA PENAL CODE, SECTION 1170(b);CALIFORNIA RULES OF

2.

1  COURT, rules 4.420-through 4.423.)In PEOPLE V. BLACK (JUNE 20,
2  2005) 35 CAL. 4th  1238; The California  Supreme Court held
3  that the imposition of a high term under California Determin-
4  ate Sentence Law did not violate the principles set forth  in
5  BLAKELY.  This was the state of the law for every case in
6  California under this particular ruling until the U.S. Supreme
7  Court overturned it in CUNNINGHAM V CALIFORNIA (2007) 849 U.S.
8  ----, 127 S.ct. 856, 166 L. Ed.2d 856. Which held that
9  California's determinate sentencing Law was in fact in direct
10  violation of the Sixth Amendment, and the ruling set forth in
11  BLAKELY. (id. at 127S. ct. p. 869.) Up until then, any
12  California petitioner who filed a writ of habeas corpus concern-
13  ing his Sixth Amendment Right to a jury trial had it denied due
14  to the California Supreme Court ruling in BLACK.

15       The U.S. Supreme court has applied the "Cause"  and
16  prejudiced standard in a number of different cases; Involving
17  a number of different factualsituations. (see WAINWRIGHT V.
18  SYKES (1997) 433 U.S. 72, 53 L. Ed 2d 594, 97 S.ct. 2497; DAVIS
19  V. UNITED STATES (1973) 411 U.S. 233, 36 L. Ed. 2d 216, 93 S. ct
20  1577; MURRAY V. CARRIER (1986) 477 U.S. 478, 496, 91 L.Ed 2d 397
21  106 S ct. 2639.) The ruling in cases since SYKES  have been
22  unanimous in applying the cause and prejudice standard. (see
23  ENGLE V. ISAAC, (1982) 456 U.S. 107, 71 L. Ed. 2d 783, 102 S.ct.
24  S. ct. 1558. The Supreme  Court in recognizing that the writ
25  of habeas corpus  as "a bulwark against convictions that violate
26  fundamental fairness," also acknowledged that "the great writ
27  entails significant costs." (Id at 126, 71 L. Ed. 2d 782.) The
28  most significant of these is the cost to finality in criminal

3.

lititgation that federal collateral review of state convictions entails.

"No proceedural principle is more familiar to this court than that a constitutional right may be forfieted in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal, having jurisdiction to deter-mime it." (see YAKUS V. UNITED STATES (1949) 321 U.S. 414. 88 L. Ed 834, 64 S. ct. 660. With the case at bar, it was the States Supreme Court own ruling that prevented petitioner's claim to be heard. Without the State Supreme Court ruling, petitioner would have had his constitutional violation cured on the State Level, and petitioner's claim did not become available until the U.S. Supreme Court ruling in CUNNINGHAM. The resulting prejudice is apparent  when considered that petitioner would be illegally sentenced longerdue to the fact of this error. It would be a miscarriage of justice to not hear petitioners claim on its merits, (see COLEMAN V. THOMPSON (1991) 501 U.S.722, 115 L. Ed. 2d 640, 11 ).

**4.**

"CONCLUSION"

Wherefore, petitioner moves this court to accept as
true that he did in fact state "cause" and the required
"prejudice," as reflected in his argument, unless and until,
proven to be to the contrary by Respondents. (see JAMES V.
MADISON STREET JAIL, 122 F.3d 27(9th Cir.1997) And issue an
order denying, and directing the Respondents to answer
petitioner's Writ on the Merits.

//

        DATED: AUGUST 8,2008

//

                              Respectfully submitted,

                              ALEJANDRO MICHEL
                              IN PROPRIA PERSONA

1   ALEJANDRO MICHEL #T-86169

2   CSP-SACRAMENTO-B5-219

3   POST OFFICE BOX 290066

4   REPRESA, CALIFORNIA 95671

5

6   IN PROPRIA PERSONA

7

8                   **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11  ALEJANDRO MICHEL                        CASE# C08-1724 JSW

12       PETITIONER,                   OPPOSITION TO RESPONDENTS
                                        MOTION TO DISMISS
13       **Vs.**
                                        J.S MAGISTRATE JUDGE
14  J. WALKER, WARDEN,et al.            JSW

15       RESPONDENT,

16  _____

17  TO; RESPONDENT JAMES WALKER, ATTORNEY EDMUND G. BROWN JR.,

18  ATTORNEY OF RECORD;

19       Petitioner ALEJANDRO MICHEL, acting in propria persona

20  to the above entitled action, hereby file this opposition

21  pursuant  to this District Court's Order dated  July 15   2008,

22  and hereby admit and deny each factual allegation of the motion

23  to dismiss, and allege as follows;

24

25                              I.

26       Petitioner admit he is currently in custody pursuant to

27  a plea entered in Marin County Superior Court, case No.123016,

28  but his sentence is illegal, and in violation of petitioner's

                                 1.

constitutional rights under the Sixth and Fourteenth Amendments.

## II.

Petitioner deny that his confinement is in any way legal or proper, that the sentence underlying petitioner's confinement is illegal whereas petitioner never admitted to factors use to impose the upper term, and that petitioner's rights have been and are still being violated in may ways. Therefore, petitioner submit that respondents Motion to Dismiss petitioner's Petition for Writ of Habeas Corpus should be denied.

## III.

Petitioner admits that his Writ of Habeas Corpus was filed two (2) years after my statute of limitation ran. Yet, petitioner can show cause and prove prejudicial; in order, to have his Writ of Habeas Corpus heard on the merits.

//
//
//
//
//
//
//
//
//
//
//
//

2.

Wherefore, Petitioner respectfully request that the Respondent's Motion to Dismiss be denied and that they be held to answer petitioner's habeas corpus on the merits.

DATED: 8/8/08

Respectfully Submitted,

ALEJANDRO MICHEL #T-86169
IN FORMA PROPRIA PERSONA

"MEMORANDUM OF POINTS AND AUTHORITIES"

GROUND I.

PETITONER CAN SHOW CAUSE AND ACTUAL

PREJUDICE TO HIS CASE; TO NOT HEAR

HIS CLAIM WILL RESULT IN A MISCARRAIGE

OF JUSTICE.

It is now well established that a petitioner's statute of limitation begins to run from the latest of the prescribed dates that are set forth in Title 28 U.S.C. §§ 2244(d),(1),(14). The purpose of the statute is to encourage prompt filings in federal court in order to protect the Federal system from being forced to hear state claims. (see CAREY V. SAFFOLD (2002) 536 U.S. 214, 226.)

The U.S. Supreme Court has always recognized an exception to procedural bars placed before petitioners; Although failure to raise a claim in a timely manner constitute procedural default which would naormally bar federal habeas review, the default could be overcome by a showing of "cause and prejudice." The supreme Court then went on to state in MURRAY V. CARRIER (1986) 477.U.S. 478, 106 S.ct. 2639,91 L.Ed. 2d 397;

"[i]N APPROPRIATE CASES" THE PRINCIPLES

OF COMITY AND FINALITY THAT INFORM THE

CONCEPTS OF CAUSE AND PREJUDICE" MUST

YIELD TO THE IMPERATIVE OF CORRECTING A

FUNDAMENTALLY UNJUST INCARCERATION." (Id.

at 495-96, 106 S.ct. at 2649 (quoting

ENGLE V. ISAAC, 456 U.S. 107, 135, 102S.ct

1558, 1576, 71 L.Ed 783 (1982).

1.

In McCLESKEY V. ZENT (1991) 499 U.S. 476, 111 S. ct.1454, 113 L. Ed.2d 517, the court held that federal habeas corpus relief to challenge a state court adjudication is not available unless the cause and prejudice requirements are satisfied. "Cause," requires an objective factor external to the defense that impeded the petitioners ability to raise the claim before. It may be satisfied by the interference from officials, by the previous unavailability of the claim, or by constitutionally ineffective assistance of counsel. The requirement of resulting prejudice requires a showing that the claimed error prejudiced the case, resulting in a miscarriage of justice. (Id. at 111 S.ct. p. 1470, 115 L. Ed. 2d p.544.)

        With the case at bar, petitioner's case was pending at the time that the U.S. Supreme Court rendered it's decision in BLAKELY V. WASHINGTON (2004) 542 U.S. 296; Declaring other than the fact of a prior conviction, any fact used to increase punishment beyond the presumptive "Statutory Maximum" must be either admitted by the defendant or pled and proven to a jury beyond a reasonable doubt. Soon after this decision the California Supreme Court addressed this same issue, and how it effected  California's Determinate Sentencing Law; Which for most felony crimes  allows a judge to select the sentence from three possible terms, a low term, a medium term or a high term. Under this sentencing scheme a judge is suppose to impose the middle term unless he or she finds by a preponderance of the evidence that there are  "Mitigating" or "Aggravating" facts that justify a low or high term. (see CALIFORNIA PENAL CODE, SECTION 1170(b);CALIFORNIA RULES OF

COURT, rules 4.420-through 4.423.)In PEOPLE V. BLACK (JUNE 20, 2005) 35 CAL. 4th 1238; The California Supreme Court held that the imposition of a high term under California Determinate Sentence Law did not violate the principles set forth in BLAKELY. This was the state of the law for every case in California under this particular ruling until the U.S. Supreme Court overturned it in CUNNINGHAM V CALIFORNIA (2007) 849 U.S. ----, 127 S.ct. 856, 166 L. Ed.2d 856. Which held that California's determinate sentencing Law was in fact in direct violation of the Sixth Amendment, and the ruling set forth in BLAKELY. (id. at 127S. ct. p. 869.) Up until then, any California petitioner who filed a writ of habeas corpus concerning his Sixth Amendment Right to a jury trial had it denied due to the California Supreme Court ruling in BLACK.

The U.S. Supreme court has applied the "Cause" and prejudiced standard in a number of different cases; Involving a number of different factual situations. (see WAINWRIGHT V. SYKES (1997) 433 U.S. 72, 53 L. Ed 2d 594, 97 S.ct. 2497; DAVIS V. UNITED STATES (1973) 411 U.S. 233, 36 L. Ed. 2d 216, 93 S. ct 1577; MURRAY V. CARRIER (1986) 477 U.S. 478, 496, 91 L.Ed 2d 397 106 S ct. 2639.) The ruling in cases since SYKES have been unanimous in applying the cause and prejudice standard. (see ENGLE V. ISAAC, (1982) 456 U.S. 107, 71 L. Ed. 2d 783, 102 S.ct. S. ct. 1558. The Supreme Court in recognizing that the writ of habeas corpus as "a bulwark against convictions that violate fundamental fairness," also acknowledged that "the great writ entails significant costs." (Id at 126, 71 L. Ed. 2d 782.) The most significant of these is the cost to finality in criminal

3.

lititgation that federal collateral review of state convictions entails.

"No proceedural principle is more familiar to this court than that a constitutional right may be forfieted in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal, having jurisdiction to deter- mime it." (see YAKUS V. UNITED STATES (1949) 321 U.S. 414. 88 L. Ed 834, 64 S. ct. 660. With the case at bar, it was the States Supreme Court own ruling that prevented petitioner's claim to be heard. Without the State Supreme Court ruling, petitioner would have had his constitutional violation cured on the State Level, and petitioner's claim did not become available until the U.S. Supreme Court ruling in CUNNINGHAM. The resulting prejudice is apparent  when considered that petitioner would be illegally sentenced longer due to the fact of this error. It would be a miscarriage of justice to not hear petitioners claim on its merits, (see COLEMAN V. THOMPSON (1991) 501 U.S.722, 115 L. Ed. 2d 640, 11 ).

4.

"CONCLUSION"

Wherefore, petitioner moves this court to accept as true that he did in fact state "cause" and the required "prejudice," as reflected in his argument, unless and until, proven to be to the contrary by Respondents. (see JAMES V. MADISON STREET JAIL, 122 F.3d 27(9th Cir.1997) And issue an order denying, and directing the Respondents to answer petitioner's Writ on the Merits.

//

DATED: AUGUST 8,2008

//

Respectfully submitted,

ALEJANDRO MICHEL
IN PROPRIA PERSONA

ALEJANDRO MICHEL #T-86169

CSP-SACRAMENTO-B5-219

POST OFFICE BOX 290066

REPRESA, CALIFORNIA 95671


IN PROPRIA PERSONA


### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA


ALEJANDRO MICHEL                    CASE# C08-1724 JSW

    PETITIONER,                  OPPOSITION TO RESPONDENTS
                                    MOTION TO DISMISS
    **Vs.**
                                    J.S MAGISTRATE JUDGE
J. WALKER, WARDEN,et al.            JSW

    RESPONDENT,

---

TO; RESPONDENT JAMES WALKER, ATTORNEY EDMUND G. BROWN JR.,
ATTORNEY OF RECORD;

    Petitioner ALEJANDRO MICHEL, acting in propria persona
to the above entitled action, hereby file this opposition
pursuant  to this District Court's Order dated July 15   2008,
and hereby admit and deny each factual allegation of the motion
to dismiss, and allege as follows;


### I.

    Petitioner admit he is currently in custody pursuant to
a plea entered in Marin County Superior Court, case No.123016 ,
but his sentence is illegal, and in violation of petitioner's

1.

constitutional rights under the Sixth and Fourteenth Amendments.

## II.

Petitioner deny that his confinement is in any way legal or proper, that the sentence underlying petitioner's confinement is illegal whereas petitioner never admitted to factors use to impose the upper term, and that petitioner's rights have been and are still being violated in may ways. Therefore, petitioner submit that respondents Motion to Dismiss petitioner's Petition for Writ of Habeas Corpus should be denied.

## III.

Petitioner admits that his Writ of Habeas Corpus was filed two (2) years after my statute of limitation ran. Yet, petitioner can show cause and prove prejudicial; in order, to have his Writ of Habeas Corpus heard on the merits.

//
//
//
//
//
//
//
//
//
//
//
//

2.

1   Wherefore, Petitioner respectfully request that the

2   Respondent's Motion to Dismiss be denied and that they be held

3   to answer petitioner's habeas corpus on the merits.

4

5   DATED: 8/8/08

6

7                          Respectfully Submitted,

8                          _Alejandro Michel_
                           ALEJANDRO MICHEL #T-86169

9                          IN FORMA PROPRIA PERSONA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                3.

"MEMORANDUM OF POINTS AND AUTHORITIES"

GROUND I.

PETITONER CAN SHOW CAUSE AND ACTUAL
PREJUDICE TO HIS CASE; TO NOT HEAR
HIS CLAIM WILL RESULT IN A MISCARRAIGE
OF JUSTICE.

It is now well established that a petitioner's statute
of limitation begins to run from the latest of the prescribed
dates that are set forth in Title 28 U.S.C. §§ 2244(d),(1),(14).
The purpose of the statute is to encourage prompt filings in
federal court in order to protect the Federal system from being
forced to hear state claims. (see CAREY V. SAFFOLD (2002) 536
U.S. 214, 226.)

The U.S. Supreme Court has always recognized an except-
ion to procedural bars placed before petitioners; Although
failure to raise a claim in a timely manner constitute proced-
ural default which would naormally bar federal habeas review,
the default could be overcome by a showing of "cause and
prejudice." The supreme Court then went on to state in MURRAY
V. CARRIER (1986) 477.U.S. 478, 106 S.ct. 2639,91 L.Ed. 2d 397;

"[i]N APPROPRIATE CASES"  THE PRINCIPLES
OF COMITY AND FINALITY THAT INFORM THE
CONCEPTS OF CAUSE  AND PREJUDICE" MUST
YIELD TO THE IMPERATIVE OF CORRECTING A
FUNDAMENTALLY UNJUST INCARCERATION." (Id.
at 495-96, 106 S.ct. at 2649 (quoting
ENGLE V. ISAAC, 456 U.S. 107, 135, 102S.ct
1558, 1576, 71 L.Ed 783 (1982).

1.

In McCLESKEY V. ZENT (1991) 499 U.S. 476, 111 S. ct.1454, 113
L. Ed.2d 517, the court held that federal habeas corpus relief
to challenge a state court adjudication is not available unless
the cause and prejudice requirements are satisfied. "Cause,"
requires an objective factor external to the defense that
impeded the petitioners ability to raise the claim before. It
may be satisfied by the interference from officials, by the
previous unavailability of the claim, or by constitutionally
ineffective assistance of counsel. The requirement of resulting
prejudice requires a showing that the claimed error prejudiced
the case, resulting in a miscarriage of justice. (Id. at 111
S.ct. p. 1470, 115 L. Ed. 2d p.544.)

    With the case at bar, petitioner's case was pending at
the time that the U.S. Supreme Court rendered it's decision
in BLAKELY V. WASHINGTON (2004) 542 U.S. 296; Declaring other
than the fact of a prior conviction, any fact used to increase
punishment beyond the presumptive "Statutory Maximum" must be
either admitted by the defendant or pled and proven to a jury
beyond a reasonable doubt. Soon after this decision the
California Supreme Court addressed this same issue, and how
it effected  California's Determinate Sentencing Law; Which
for most felony crimes  allows a judge to select the sentence
from three possible terms, a low term, a medium term or a
high term. Under this sentencing scheme a judge is suppose
to impose the middle term unless he or she finds by a
preponderance of the evidence that there are  "Mitigating"
or "Aggravating" facts that justify a low or high term. (see
CALIFORNIA PENAL CODE, SECTION 1170(b);CALIFORNIA RULES OF

COURT, rules 4.420-through 4.423.)In PEOPLE V. BLACK (JUNE 20, 2005) 35 CAL. 4th 1238; The California Supreme Court held that the imposition of a high term under California Determinate Sentence Law did not violate the principles set forth in BLAKELY. This was the state of the law for every case in California under this particular ruling until the U.S. Supreme Court overturned it in CUNNINGHAM V CALIFORNIA (2007) 849 U.S. ----, 127 S.ct. 856, 166 L. Ed.2d 856. Which held that California's determinate sentencing Law was in fact in direct violation of the Sixth Amendment, and the ruling set forth in BLAKELY. (id. at 127S. ct. p. 869.) Up until then, any California petitioner who filed a writ of habeas corpus concerning his Sixth Amendment Right to a jury trial had it denied due to the California Supreme Court ruling in BLACK.

The U.S. Supreme court has applied the "Cause" and prejudiced standard in a number of different cases; Involving a number of different factual situations. (see WAINWRIGHT V. SYKES (1997) 433 U.S. 72, 53 L. Ed 2d 594, 97 S.ct. 2497; DAVIS V. UNITED STATES (1973) 411 U.S. 233, 36 L. Ed. 2d 216, 93 S. ct 1577; MURRAY V. CARRIER (1986) 477 U.S. 478, 496, 91 L.Ed 2d 397 106 S ct. 2639.) The ruling in cases since SYKES have been unanimous in applying the cause and prejudice standard. (see ENGLE V. ISAAC, (1982) 456 U.S. 107, 71 L. Ed. 2d 783, 102 S.ct. S. ct. 1558. The Supreme Court in recognizing that the writ of habeas corpus as "a bulwark against convictions that violate fundamental fairness," also acknowledged that "the great writ entails significant costs." (Id at 126, 71 L. Ed. 2d 782.) The most significant of these is the cost to finality in criminal

3.

lititgation that federal collateral review of state convictions entails.

"No proceedural principle is more familiar to this court than that a constitutional right may be forfieted in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal, having jurisdiction to deter-mime it." (see YAKUS V. UNITED STATES (1949) 321 U.S. 414. 88 L. Ed 834, 64 S. ct. 660. With the case at bar, it was the States Supreme Court own ruling that prevented petitioner's claim to be heard. Without the State Supreme Court ruling, petitioner would have had his constitutional violation cured on the State Level, and petitioner's claim did not become available until the U.S. Supreme Court ruling in CUNNINGHAM. The resulting prejudice is apparent  when considered that petitioner would be illegally sentenced longer due to the fact of this error. It would be a miscarriage of justice to not hear petitioners claim on its merits, (see COLEMAN V. THOMPSON (1991) 501 U.S.722, 115 L. Ed. 2d 640, 11 ).

4.

"CONCLUSION"

Wherefore, petitioner moves this court to accept as true that he did in fact state "cause" and the required "prejudice," as reflected in his argument, unless and until, proven to be to the contrary by Respondents. (see JAMES V. MADISON STREET JAIL, 122 F.3d 27(9th Cir.1997) And issue an order denying, and directing the Respondents to answer petitioner's Writ on the Merits.

//

DATED: AUGUST 8,2008

//

Respectfully submitted,

ALEJANDRO MICHEL
IN PROPRIA PERSONA

# PROOF OF SERVICE

(C.C.P. §2015.5; 28 U.S.C. §1745)

I, Alejandro Michel , am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

CSP-Sacramento (B 5-219)
P.O. Box 290066
Represa, Ca. 95671

On, August 8, 2008 , I served the following documents:

Opposition To Respondents' Motion To Dismiss
on the

below named individuals by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. U.S. District Court
Northern District of Calif.
U.S. Courthouse
450 Golden Gate Avenue.
San Francisco, Ca. 94102-3483

2. Attorney General
455 Golden Gate Avenue.
Suite 11000
San Francisco, Ca. 94102-1362

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 8th day of August, 2008, at California State Prison at Sacramento, Represa, California.

(Signature) Alejandro Michel
Declarant



USA FIRST-CLASS FOREVER

Alejandro Y
CSP- Sacram
P.O. Box 290066
Represa, Ca. 95671

TO: United States District Court
Northern District of California
US Courthouse
450 Golden Gate Avenue
San Francisco, Ca. 94102-3483

RECEIVED