EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
GREGORY A. OTT
Deputy Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
State Bar No. 117315
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-3664
 Telephone: (415) 703-1362
 Fax: (415) 703-1234
 Email: peggy.ruffra@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ALEJANDRO MICHEL,** | C 08-1724 JSW |
| Petitioner, | **REPLY TO OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| **J. WALKER, Warden,** | |
| Respondent. | |

Petitioner has filed an opposition to respondent's motion to dismiss his petition for writ of habeas corpus as untimely. This is our reply.

Petitioner relies on the cause and prejudice exception to the procedural default doctrine. However, respondent argued that the petition should be dismissed because petitioner failed to comply with the statute of limitations set forth in 28 U.S.C. § 2244(d), not because the state court imposed a California bar to appellate review that now precludes the federal court from reaching the claim. Neither the procedural default doctrine nor its exceptions apply.

Petitioner also asserts that his claim "did not become available until the U.S. Supreme Court ruling in Cunningham." Opp. at 4. Assuming he is suggesting that the statute of limitations did not commence until the Supreme Court decided *Cunningham v. California*, 127 S.Ct. 856 (2007)

in January 2007, and therefore his case is governed by either 28 U.S.C. § 2244(d)(1)(C) or (d)(1)(D), he is wrong.

Section 2244(d)(1)(C) states that the limitations period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." That subdivision does not apply here, because the right to a jury determination of the facts that justify a longer sentence was not "newly recognized" in *Cunningham*. To the contrary, the Supreme Court emphasized in *Cunningham* that it had "repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge." 127 S.Ct. at 863-864; *see Butler v. Curry*, 528 F.3d 624, 636 (9th Cir. 2008) (*Cunningham* "simply applied the rule of *Blakely* [*v. Washington*, 542 U.S. 296 (2004)] to a distinct but closely analogous state sentencing scheme. That the Supreme Court held for the first time that *California*'s sentencing scheme violates the Sixth Amendment does not render its decision in *Cunningham* a new rule.") (emphasis in original). Thus, the statute of limitations for this claim did not start with the issuance of *Cunningham*, but with the issuance of *Blakely* in June 2004.

Section 2244(d)(1)(D) states that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." For these purposes, the discovery of the factual predicate is not the same as the petitioner's recognition of the legal significance of facts. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001). The "factual predicate" refers to historical facts; thus, it does not mean the petitioner's discovery of a court's legal ruling. *Johnson v. United States*, 340 F.3d 1219, 1223-1224 (11th Cir. 2003). Likewise, a court's change or clarification of the law does not amount to a *factual* predicate; otherwise "the term 'factual' would be meaningless." *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005). Here, the factual predicate for petitioner's claim was the trial court's imposition of the upper term, which occurred at sentencing in March 2003. As petitioner was present in court at that time, he actually knew the factual predicate for his claim more than five years ago. Section2244 (d)(1)(D) is thus unavailing.

## CONCLUSION

For the reasons stated herein and in the motion to dismiss, respondent respectfully requests that the petition for writ of habeas corpus be dismissed with prejudice.

Dated: August 22, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General

**/s/ Peggy S. Ruffra**

PEGGY S. RUFFRA
Supervising Deputy Attorney General

Attorneys for Respondent

*Michel v. Walker* - Reply to Opposition to Motion to Dismiss - C 08-1724 JSW

3

## DECLARATION OF SERVICE BY MAIL

Case Name: *Alejandro Michel v. Walker*
Case No. **C 08-1724 JSW**

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>August 22, 2008</u>, I served the attached

### REPLY TO OPPOSITION TO MOTION TO DISMISS

in the internal mail collection system at the Office of the Attorney General,455 Golden Gate Avenue, Suite 11000, San Francisco, California 94102, for deposit in the United States Postal Service that same day in the ordinary course of business in a sealed envelope, postage fully prepaid, addressed as follows:

Alejandro Michel
T-86169
California State Prison - Sacramento
P.O. Box 290066
Represa, CA  95671

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on August 22, 2008, at San Francisco, California.


|  Denise Neves  | **/s/ Denise Neves** |
|---|---|
|  | Signature |